J. Karen Arnold, Appellant *v.* Pittsburgh Board of Public Education, Appellee.

Argued May 9, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Joseph A. Vater, Jr., Meyer, Unkovic & Scott,* for appellant.

*David H. Dille,* Assistant Solicitor, with him *Persifor S. Oliver, Jr.,* Assistant Solicitor, for appellee.

OPINION BY JUDGE BLATT, June 24, 1980:

J. Karen Arnold (appellant) appeals from an order of the Court of Common Pleas of Allegheny County which dismissed her complaint in mandamus against the Pittsburgh Board of Public Education (Board).

The appellant was employed for the 1973-1974 school year as a temporary professional employee in the Pittsburgh school district. During that period she received two unsatisfactory-performance ratings. She was therefore asked to meet with the school district personnel officer in June of 1974, and she was told at this meeting that she had the option of resigning or being discharged. She thereafter submitted her resignation, effective June 14, 1974. In 1975, 1976 and 1977, she was employed by the school district as a substitute teacher, and her repeated re-

quests during that period for reinstatement as a temporary professional employee were rejected. On July 7, 1978, she filed a complaint in mandamus against the Board to compel it to grant her a hearing under the Local Agency Law[1] so that she could contest her previous unsatisfactory-performance ratings. The court dismissed her complaint, ruling that, because she had voluntarily resigned, she was not entitled to a hearing.

The appellant argues here that the Board should be required to hold a hearing on her unsatisfactory-performance ratings because she was misled as to the consequences of her resigning. She asserts, as she testified in the court below, that she resigned only because she was led by the personnel officer to believe that future satisfactory performance as a substitute teacher would result in her being reinstated as a temporary professional employee. Alternatively, she argues that her resignation was in fact involuntary and therefore equivalent to a discharge, which entitles her to a hearing.

The circumstances surrounding the appellant's resignation presented a factual question which was resolved by the court below. It found that she voluntarily resigned in order to avoid the adverse consequences of being discharged; it rejected her testimony that she was induced to resign by misrepresentations on the part of the personnel officer. The testimony of the witnesses was, as the appellant emphasizes, conflicting, but the fact-finder is the arbiter of credibility. There is substantial evidence in the record to support the court's findings, and we must therefore accept them. *Spano v. School District of Brentwood,* 12 Pa. Commonwealth Ct. 170, 316 A.2d

---

[1] 2 Pa. C.S. §551 et seq.

162 (1974); *Venneri v. County of Allegheny,* 12 Pa. Commonwealth Ct. 517, 316 A.2d 120 (1974).

The appellant's contention that she was in reality discharged is similarly unavailing. Had she indeed been discharged, she clearly would have been entitled to a hearing, *Young v. Littlestown Schools,* 24 Pa. Commonwealth Ct. 621, 358 A.2d 120 (1976), but the findings of the court below compel the conclusion that she voluntarily resigned her employment. Having done so she cannot now complain that she did not receive the hearing to which she would have been entitled had she been discharged. In effect, therefore, the appellant waived her right to a hearing on the unsatisfactory-performance ratings and her impending dismissal when she voluntarily resigned. *Cf. Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972) (hearing required where teacher refused to resign and demanded hearing before school board).[2]

Finally, the appellant argues that a new trial should be awarded because the trial court admitted irrelevant testimony regarding the criteria for substitute and full-time teaching. This contention is without merit. The crucial issue before the lower court, as it well recognized, was whether or not the appellant was entitled to a hearing before the Board. Central to this inquiry were the circumstances surrounding her resignation as a full-time teacher and

---

[2] We note that in *Pavia v. Department of Transportation,* 47 Pa. Commonwealth Ct. 399, 408 A.2d 206 (1979), we held that the petitioning civil service employees were entitled to a hearing on their allegation that they accepted demotions in lieu of furloughs only after assurances from department officials that they would not thereby waive their right to a hearing on the validity of the furloughs. In the instant case, of course, the appellant has had a hearing but has failed to convince the lower court of her allegations.

her subsequent employment as a substitute teacher. We do not believe, therefore, that the trial court abused its discretion in admitting the evidence; moreover, the court made no essential findings based thereon.

We shall therefore affirm the court of common pleas.

### ORDER

AND Now, this 24th day of June, 1980, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter dismissing exceptions to its decree nisi and entering judgment thereon is hereby affirmed.