**James C. DOTTERER, Appellant**

v.

**SCHOOL DISTRICT OF the CITY OF ALLENTOWN and Board of School Directors of the Allentown School District.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2014.

Decided May 28, 2014.

Thomas L. Kelly, Media, for appellant.

John E. Freund, III, and Brian J. Taylor, Bethlehem, for appellees.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge SIMPSON.

James C. Dotterer (Dotterer) appeals an order of the Court of Common Pleas of Lehigh County (trial court) that dismissed his mandamus complaint against the School District of the City of Allentown (District) and its Board of School Directors (Board) for lack of jurisdiction. The trial court held Dotterer failed to exercise his administrative remedies under the Public School Code of 1949 (School Code).[1] More specifically, it determined that the School Code set forth the exclusive remedy for challenging a demotion, which required Dotterer to appeal his underlying claims to the Secretary of Education (Secretary). Upon review, we affirm.

## I. Background

Dotterer worked for the District for more than 33 years. For the last eight years, he was an assistant high school principal, a professional employee under the School Code. In that capacity, Dotterer was the beneficiary of a compensation plan established pursuant to Act 93[2] (Plan). The Plan established fringe benefits, including retirement benefits, for principals, assistant principals and administrators.

The timing of events is material. On June 21, 2011, Dotterer took a medical leave of absence from his employment as an assistant principal as a result of shoulder surgery. On June 29, 2011, while still on medical leave, he met with the District's deputy superintendent, Dr. Russell Mayo. At that time, Mayo informed Dotterer that the District intended to demote him to a teaching position, effective July 1, 2011. This demotion would reduce his annual salary from $100,500 to $80,000. Also, as a teacher, Dotterer would not be entitled to receive fringe benefits, including retirement benefits, from the Plan.

On July 1, 2011, Dotterer received a letter from Mayo, entitled "Notice of Intent to Demote." Reproduced Record (R.R.) at 15a. The letter advised Dotterer that the District intended to demote him for performance reasons. The Notice did not state an effective date for the demotion. Dotterer elected to challenge the demotion. He timely requested a demotion hearing.

Initially, a demotion hearing was scheduled for August 8, 2011. However, with Dotterer's consent, the demotion hearing was repeatedly continued throughout 2011 and 2012 to allow Dotterer and the District to pursue settlement. During this time, Dotterer remained on medical leave, and the District paid him at the teacher rate.

Before the Board held a hearing or passed a resolution effectuating his demotion, Dotterer requested a retirement estimate from the Public School Employees' Retirement System. As soon as he became age eligible, on August 21, 2012, Dotterer submitted his letter of retirement to the District, effective immediately.[3]

---

1. Act of March 10, 1949. P.L. 30, *as amended*, 24 P.S. §§ 1–101–27–2702.

2. An Act 93 Plan provides compensation for school employees who are not included in the collective bargaining unit. *See* Section 1164 of the School Code, 24 P.S. § 11–1164.

Finally, by letter dated August 24, 2012, the District rescheduled the demotion hearing for September 19, 2012. Dotterer responded that there was no need to proceed with the hearing because his retirement rendered the demotion hearing moot. He advised the District that the School Code could not bind him because he was no longer a professional employee subject to the Board's jurisdiction. Nevertheless, Dotterer asserted that he remained entitled to the School Code's protection of his assistant principal status.

After he learned that the District intended to proceed with the demotion hearing, Dotterer sought a temporary restraining order from the trial court to prevent the hearing. The trial court denied his request.

Days before the scheduled demotion hearing, Dotterer filed a complaint in mandamus seeking back pay and retirement benefits as an assistant principal from the date of his *de facto* demotion, through the date of his retirement. He predicated his complaint on the assumption that the demotion was unlawful, and that he retired as an administrator, not as a teacher. Dotterer also proceeded as though the School Code, and the attendant administrative process for disputing demotions, did not apply to retirees. He contended the demotion never became effective because the Board did not act on it before he retired.

Significantly, after filing his mandamus complaint, Dotterer "withdrew" his request for a demotion hearing. R.R. at 99a; *see also* Appellant's Br. at 6, 8.

In his complaint, Dotterer asserted the Board's attempt to demote a retired employee violated Section 1151 of the School Code, 24 P.S. § 11–1151. Complaint at ¶ 34, R.R. at 13a. Dotterer contended the District had a mandatory and ministerial duty to pay him the salary and benefits owed to an assistant principal from July 1, 2011, to his retirement on August 21, 2012. This is because the Board did not demote him before he retired, and Board action is required to effectuate a demotion. Dotterer also argued the Board was dilatory because it should have scheduled a hearing upon learning he would not consent to a demotion.

On September 27, 2012, at a public meeting, the Board adopted a resolution demoting Dotterer from assistant principal to teacher. The resolution stated the demotion became effective July 1, 2011, over a year prior to Dotterer's retirement. Importantly, Dotterer did not appeal this action of the Board to the Secretary.

Subsequently, the District and the Board filed preliminary objections to Dotterer's complaint, asserting the trial court lacked subject matter jurisdiction. They contended the School Code required Dotterer to appeal the Board's demotion, or its delay in scheduling a demotion hearing, to the Secretary. They also argued Dotterer failed to avail himself of this adequate administrative remedy. Moreover, Dotterer waived his right to a demotion hearing.

The trial court sustained the District's preliminary objections, concluding the matters raised in Dotterer's complaint were within the Secretary's exclusive jurisdiction. The trial court rejected Dotterer's contention that the statutory procedure for demotion in the School Code did not apply to a retired professional employ-

---

3. Prior to Dotterer's retirement, District counsel proposed holding the demotion hearing on August 22, 2012. However, it was not scheduled for that date because Dotterer's counsel stated he had a conflict. Reproduced Record at 44a.

ee. Rather, the School Code established an adequate remedy that Dotterer was obligated to utilize to challenge the *de facto* demotion. Based on lack of jurisdiction and an available administrative remedy for demotion disputes, the trial court dismissed the complaint.[4]

On appeal, Dotterer asserts the trial court erred by dismissing his complaint. He contends the District's act of paying him a reduced salary since July 1, 2011, did not constitute a lawful demotion. The Board's subsequent ratification did not cure the illegality because a demotion cannot be retroactive. Because the Board's demotion resolution was a nullity, Dotterer argues the trial court had jurisdiction to compel the District to provide his salary and benefits as an administrator.

## II. Discussion

Initially, Dotterer requested a hearing on the *de facto* demotion. Before the hearing was held, he retired. When faced with the upcoming hearing on the demotion, Dotterer tried to enjoin the hearing, and, when unsuccessful, he withdrew his hearing request. These facts impact our review of the trial court's decision on the preliminary objections, particularly as to its jurisdiction over the underlying demotion dispute.

### A. Legal Standard for Preliminary Objections

■ Where a trial court dismisses a complaint based on preliminary objections, this Court's review is limited to determin-

ing whether the trial court committed an error of law or an abuse of discretion. *Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283 (Pa.Cmwlth.2012). When considering preliminary objections, we must consider as true all well-pled material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331 (1996); *Petsinger v. Dep't of Labor & Indus., Office of Vocational Rehab.*, 988 A.2d 748 (Pa.Cmwlth.2010). However, we need not accept legal conclusions. *Petsinger*.

■ Preliminary objections should be sustained only in cases where it is clear and free from doubt that the facts pled are legally insufficient to establish a right to relief. *Werner*. As such review raises a question of law, our scope of review is plenary. *Podolak*.

The trial court sustained the preliminary objections which the District and Board filed to Dotterer's mandamus complaint. They objected to the trial court's jurisdiction and the legal sufficiency of the claim.

### B. Mandamus

■ Mandamus is an extraordinary writ which will only issue " 'to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy.' " *Burger v. Bd. of Sch. Dirs. of McGuffey Sch. Dist.*, 805

4. The trial court relied on *Wolff v. Board of School Directors of Chichester School District*, 59 Pa.Cmwlth. 196, 429 A.2d 129 (1981), which also involved dismissal of a mandamus claim. There, a part-time school psychologist sought to compel the school board to offer her a contract for the applicable school year, and to reinstate her as a member of the public school employees' retirement system. The school board filed preliminary objections as-

serting that she should have appealed the board's actions to the Secretary of Education, but she failed to do so. The trial court agreed and dismissed her complaint. On appeal this Court affirmed as to the dismissal of the count regarding the termination of her employment contract. We reasoned the School Code requires professional employees to pursue the adequate administrative remedy thereunder.

A.2d 663, 666 (Pa.Cmwlth.2002), *aff'd,* 576 Pa. 574, 839 A.2d 1055 (2003) (quoting *Shaler Area Sch. Dist. v. Salakas,* 494 Pa. 630, 636, 432 A.2d 165, 168 (1981); *Phila. Newspapers, Inc. v. Jerome,* 478 Pa. 484, 494, 387 A.2d 425, 430 n. 11 (1978)). If any one of the foregoing elements is absent, mandamus does not lie. *Id.* "[I]t remains the plaintiff's burden to establish the inadequacy of any available remedies, as well as the other requisites to mandamus relief." *Burger v. Bd. of Sch. Dirs. of McGuffey Sch. Dist.,* 576 Pa. 574, 584, 839 A.2d 1055, 1061 (2003); *Werner.*

▆ Litigants are required to exhaust adequate and available administrative remedies prior to resorting to judicial remedies. *Bayada Nurses, Inc. v. Dep't of Labor & Indus.,* 607 Pa. 527, 8 A.3d 866 (2010). "A party challenging administrative decision-making who has not exhausted available administrative remedies is precluded from obtaining judicial review by mandamus." *Petsinger,* 988 A.2d at 754. An individual who does not exercise his statutory appeal rights cannot later reclaim those rights "under the guise of a petition for mandamus." *Id.*

Here, Dotterer argues he had no available administrative remedy based on his retired status. The trial court concluded the School Code provided the exclusive remedy for challenging his demotion, thus depriving it of jurisdiction.

### 1. Jurisdiction/Alternate Remedy

▆ At its core, Dotterer's claim for salary and retirement benefits is a demotion dispute. A demotion is "a reassignment to a position which has less authority, prestige or salary." *Hritz v. Laurel Highlands Sch. Dist.,* 167 Pa.Cmwlth. 353, 648 A.2d 108, 110 (1994).

Dotterer challenges receiving salary and retirement benefits at the teacher rate, which are less than he was entitled to receive as an assistant principal. The District paid him at a lower salary during the period that he was on leave. Of relevance, during that period, Dotterer recognized the School Code governed, and he contested this *de facto* demotion through the proper administrative forum. *See* Sections 1127 and 1151 of the School Code, 24 P.S. § 11–1127, 24 P.S. § 11–1151.

▆ Section 1151 of the School Code provides, in pertinent part,

> there shall be no demotion of any professional employe ... without the consent of the employe, or, if such consent is not received, then such *demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as provided in the case of the dismissal of a professional employe* [ (requiring an appeal to the Secretary under Section 1131 of the School Code, 24 P.S. § 11–1131) ].

24 P.S. § 11–1151 (emphasis added). Thus, the School Code sets forth a statutory remedy and mandates an administrative process for challenging demotions that culminates in disposition by the Secretary.

▆ An action in mandamus cannot lie where a professional employee fails to pursue the statutory remedy provided by the School Code. *Merritt v. W. Mifflin Area Sch. Dist.,* 56 Pa.Cmwlth. 126, 424 A.2d 572 (1981) (preliminary objection raising jurisdiction to teacher's suit in mandamus sustained because statutory remedy required appeal to Secretary of Education; statutory remedy was appropriate and adequate); *Bd. of Pub. Educ. for Sch. Dist. of Pittsburgh v. Gooley,* 41 Pa.Cmwlth. 311, 399 A.2d 148 (1979) (same); *see also Wolff v. Bd. of Sch. Dirs. of Chichester Sch. Dist.,* 59 Pa.Cmwlth. 196, 429 A.2d 129 (1981) (preliminary objection sustained to count of school psychologist's complaint seeking mandamus relief for contract ter-

mination). Indeed, our Supreme Court has ruled that the exclusivity of the procedural remedies provided by Sections 1127 to 1131 of the School Code, 24 P.S. §§ 11–1127–11–1131, precludes abandonment of statutory procedures in favor of an action in the court of common pleas. *Jackson v. Centennial Sch. Dist.*, 509 Pa. 101, 501 A.2d 218 (1985); *see generally Erie Human Relations Comm'n ex rel. Dunson v. Erie Ins. Exch.*, 465 Pa. 240, 348 A.2d 742 (1975) (party required to avail itself of statutory right of appeal). These general principles clearly support the trial court's decision. We next consider Dotterer's arguments that the general principles do not apply to him.

In essence, Dotterer argued the School Code did not provide him an adequate remedy to challenge his *de facto* demotion for two reasons. First, the Board delayed acting on his demotion by failing to hold a hearing. Second, the School Code process did not apply to him once he retired.

### 2. Hearing Delay

■ Hearings for demotions required by Section 1151 of the School Code are governed by Section 1127 of the School Code, 24 P.S. § 11–1127. The latter requires the hearing to be held within 15 days of the written notice of demotion. *Id.* However, an employee may waive these hearing requirements. *Kaczmarcik v. Carbondale Sch. Dist.*, 155 Pa.Cmwlth. 294, 625 A.2d 126 (1993).

The trial court found no merit in Dotterer's argument that the Board's delay in scheduling a demotion hearing excused him from pursuing his statutory remedy. In so holding, the trial court recognized that Dotterer agreed to the delay. The trial court's conclusion is consistent with case law.

■ To that end, this Court holds that once an employee waives the timing re-

quirements under Section 1127 of the School Code, the school district is permitted to unilaterally reschedule the hearing date. *Kaczmarcik.* In *Kaczmarcik*, the demoted employee argued he was denied a timely hearing as required by the School Code. However, he agreed to waive the 15–day requirement for the hearing date set forth in Section 1127 of the School Code. Instead, he requested a date certain. The school district scheduled a hearing for nine days later than the date the employee specified. Because the school district unilaterally set a hearing date that was not his requested date certain, the employee contended the school district violated the hearing process prescribed by the School Code. This Court disagreed.

Specifically, this Court reasoned the demoted employee waived the timing requirements for scheduling the demotion hearing. *Id.* Despite the fact that the employee set a condition that the hearing take place on a date certain, we held the school district retained the prerogative to unilaterally establish a new hearing date.

Based on *Kaczmarcik*, we agree with the trial court that the District did not violate the School Code when it scheduled the hearing date in September 2012. Indeed, the circumstances here present a stronger case in the District's favor. In this case, Dotterer's waiver was open-ended, without specifying a timeframe within which a hearing must be held. Thus, the District was not constrained by the School Code to schedule the hearing by a set date, and it did not violate the hearing process.

■ More importantly, to the extent the District denied or delayed a demotion hearing, Dotterer's proper remedy was an appeal to the Secretary, not a mandamus claim in a court of common pleas. The case of *Black v. Board of Directors of West Chester Area School District*, 98 Pa.

Cmwlth. 91, 510 A.2d 912 (1986), is instructive on this point. Similar to the present controversy, that case involved a mandamus action in a trial court by a professional school employee seeking reinstatement and back pay arising from a challenged demotion. Like here, the professional employee argued the demotion was void from the beginning for failure to follow School Code procedures. The professional employee requested a hearing by the school board, but, after some delay, the school board denied his request. Ultimately, the trial court sustained a preliminary objection for lack of jurisdiction, based on the failure to exhaust remedies under the School Code.

On subsequent appeal, this Court, speaking through (now Senior) Judge James Gardner Colins, affirmed on the basis that the remedy for the school board's refusal of his hearing request was an appeal to the Secretary. *Black* (citing *Wolff*). Further, the professional employee's remedy for the underlying claim of wrongful demotion was also an appeal to the Secretary, which he failed to timely pursue. Accordingly, the Court affirmed the dismissal of the trial court action, leaving the allegedly void demotion in place. *Id.* (alleged invalidity of demotion does not render School Code provision requiring appeal to Secretary inapplicable). The same results should prevail here. *See, e.g., Norwin Sch. Dist. v. Chlodney,* 37 Pa.Cmwlth. 284, 390 A.2d 328 (1978) (where teacher is demoted without hearing, proper remedy is to appeal *de facto* demotion and school board's failure to respond to hearing request to Secretary, who can order reinstatement with back pay).

For these reasons, we agree with the trial court that the delayed hearing did not deprive Dotterer of his statutory remedy, or render the statutory provisions requiring an appeal to the Secretary inapplicable.

### 3. Retirement

Dotterer also asserts that the School Code does not apply to him because when he retired he was no longer employed; thus, he was not a professional employee entitled to relief under the School Code. We disagree.

 The term "professional employee" is defined by the School Code in Section 1101, 24 P.S. § 11–1101. The term "shall include those who are certificated as teachers ... [and] assistant principals...." *Id.* Thus, the statutory definition is not dependent on retirement or active employment status; rather, it is dependent on certification. In other words, the statutory definition includes those persons performing or eligible to perform education services within one of the categories enumerated by the General Assembly. *See Appeal of Spano,* 439 Pa. 256, 267 A.2d 848 (1970) (professional employee status determined from certification); *McCracken v. Cent. Susquehanna Intermediate Unit,* 34 Pa.Cmwlth. 148, 382 A.2d 1293 (1978).

 By way of example, persons who are no longer active employees, because they have been dismissed, are nevertheless entitled to the School Code remedies. *See* Sections 1127, 1151 of the School Code, 24 P.S. §§ 11–1127, 11–1151; *W. Shore Sch. Dist. v. Bowman,* 48 Pa. Cmwlth. 104, 409 A.2d 474 (1979) (professional employee discharged without notice and hearing entitled to reinstatement and back pay). Similarly, if a person retires involuntarily under a constructive discharge situation, School Code remedies are available. *Arnold v. Pittsburgh Bd. of Pub. Educ.,* 52 Pa.Cmwlth. 313, 415 A.2d 985 (1980); *see Migliore v. Sch. Dist. of Phila.* (Pa.Cmwlth., No. 1663 C.D.2012, filed June 18, 2013) (unreported), 2013 WL 3156533.

Thus, Dotterer's argument that the School Code remedies only apply to those actively employed as professional employees lacks merit. The argument ignores the statutory definition of "professional employee" and cases applying School Code remedies to those separated involuntarily from recent professional positions. It also ignores that Dotterer was employed when he was initially aggrieved by a salary reduction. Moreover, Dotterer's argument ignores that any right to challenge a *de facto* demotion and request a hearing accrued while he was on the District's payroll.

■ Without question, statutory remedies were available to Dotterer to contest both the timing and cause of his demotion. The remedies were a Board hearing and an appeal to the Secretary. In particular, Section 1131 of the School Code, 24 P.S. § 11–1131, invests the Secretary with the jurisdiction to decide appeals from contested demotions of professional employees. The Secretary can order that a demoted professional employee be reinstated and awarded back pay. *Norwin Sch. Dist.* Moreover, our courts consistently hold that the School Code provides an adequate and exclusive remedy for professional employees. *Jackson; Black; Merritt; Gooley.*

Had he been successful with these statutory remedies, Dotterer could have been reinstated with back pay, and his right to retire from his position as an assistant principal could have been recognized. However, he declined the hearing to resolve the demotion disputes. In fact, Dotterer went further and tried to restrain a Board hearing from taking place, and he then attempted to evade the consequences of the hearing by retiring and by withdrawing his request for a hearing.

■ Dotterer's voluntary actions did not change the definitions and remedies in the School Code, nor did they diminish the adequacy of the remedies. Instead, Dotterer's actions altered the cause of any aggrievement. Stated differently, when he tried to prevent a Board hearing on the demotion, when he retired, and when he withdrew his request for a hearing, he was no longer aggrieved by an act or omission of the District. Rather, Dotterer was aggrieved by his own voluntary actions, which precluded resolution of the demotion issues in his favor. Dotterer's voluntary actions here were the functional equivalent of consent to the *de facto* demotion. *See* Section 1151 of the School Code, 24 P.S. § 11–1151 (rights of professional employee upon demotion, if consent not received).

This conclusion is consistent with cases regarding the effects of voluntary retirement or resignation. These cases hold that a professional employee waives the right to further relief on an underlying School Code issue by voluntarily leaving employment.[5] *Arnold; see Migliore.* Notably, Dotterer does not dispute the voluntariness of his retirement here.

This Court recently resolved a similar voluntary demotion/retirement case in an unpublished but persuasive opinion in *Migliore.*[6] There, a school employee requested a hearing on a demotion. Like

---

5. Similarly, we also hold that the Civil Service Commission has no obligation to provide a hearing when an employee takes action mooting his claim before the hearing can be granted. *See In re Robinson*, (Pa.Cmwlth., No. 114 C.D.2012, filed Nov. 13, 2012) (unreported), 2012 WL 8666781 (citing *Morgan v. Bucher*, 442 Pa. 498, 276 A.2d 523 (1971)).

6. Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa.Code § 69.414.

Dotterer, prior to the hearing, the employee voluntarily retired. A unanimous panel reasoned, "Migliore's retirement, if voluntary, resulted in a waiver of any rights he may have had to a hearing [on the demotion]." *Id.,* Slip Op. at 9, 2013 WL 3156533, at *5 n. 6.

*Arnold* involved a temporary professional employee's unsatisfactory performance ratings. Given the option of resignation or dismissal, she resigned. She later brought suit seeking to compel a hearing on the unsatisfactory ratings. The trial court found the resignation voluntary in order to avoid the adverse consequences of being discharged, and it dismissed her complaint. It concluded that because she voluntarily resigned, she was no longer entitled to a hearing on the performance ratings. This Court affirmed, stating, "[i]n effect, therefore, the appellant waived her right to a hearing on the unsatisfactory-performance ratings and her impending dismissal when she voluntarily resigned." *Arnold,* 415 A.2d at 987. Thus, the prior school district action of unsatisfactory ratings remained unchanged. The circumstances here warrant the same outcome.

Finally, we note that Dotterer cites two cases to support his request for mandamus; however, the cases are distinguishable on their facts. *Antonini v. Beaver Area School District,* 874 A.2d 679 (Pa. Cmwlth.2005) and *Burns v. Uniontown Board of Directors,* 748 A.2d 1263 (Pa. Cmwlth.2000). Both of those cases involve school superintendents whose employment is governed by contract and by different provisions of the School Code. Superintendents are not tenured professional employees under the School Code. Dotterer does not discuss most of the cases declaring School Code remedies exclusive or denying mandamus relief for failure of professional employees to exhaust School Code remedies. *See, e.g., Jackson; Black; Merrit; Gooley.*

For all these reasons, we reject Dotterer's assertion that his retirement rendered the School Code remedies inadequate or inapplicable.

### 4. Transfer to Secretary

The above discussion notwithstanding, we consider whether to affirm the trial court's order dismissing Dotterer's mandamus action, or whether to transfer the action to the Secretary, similar to the situation in *Meck v. Carlisle Area School District,* 155 Pa.Cmwlth. 469, 625 A.2d 203 (1993). Based on Dotterer's voluntary actions, we decline to transfer the case.

In particular, before the trial court, Dotterer sought to enjoin the demotion hearing scheduled under the School Code. Thereafter, he withdrew his request for a hearing, and he argued that the School Code no longer applied to him. He did not appeal the Board's decision retroactively demoting him.

Further, before this Court, Dotterer argued that the School Code did not apply to him. Moreover, he never requested that his case be transferred to the Secretary. But he took a noteworthy position during oral argument. Prior to *en banc* argument in this case, this Court ordered that the parties address several issues, including the following:

2. Once the trial court held that Section 1131 of the [School Code] applied to retired professional employees was it required to transfer Dotterer's mandamus action to the Secretary of Education pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), as was done in *Meck v. Carlisle Area School District* [155 Pa.Cmwlth. 469], 625 A.2d 203 (Pa.Cmwlth.1993)?

Order of January 7, 2014. During argument, counsel for Dotterer affirmatively

asserted that the above authorities do not apply, and that his case should *not* be transferred to the Secretary.

Given the foregoing, we conclude that Dotterer knowingly and voluntarily relinquished any interest in the procedures set forth in the School Code, including an appeal to the Secretary. Under these unusual circumstances, we refrain from transferring the case to the Secretary.

### III. Conclusion

Dotterer's remedy for a delayed hearing on his demotion was a statutory appeal to the Secretary, which he did not pursue. *See Black; Wolff; Norwin Sch. Dist.*

Moreover, Dotterer's remedy for his demotion was also a statutory appeal to the Secretary seeking reinstatement and back pay. However, he did not pursue this remedy either. Further, he has not requested that his case be transferred to the Secretary, and, in fact, he has argued against such a transfer.

What is clear is that Dotterer pursued a claim in a forum that was outside the statutory framework. *See Jackson.* Therefore, mandamus was unavailable to him. *Merrit; Gooley.* For all the foregoing reasons, we affirm the trial court's dismissal of Dotterer's mandamus suit.

### *ORDER*

**AND NOW,** this 28th day of May, 2014, the March 4, 2013 order of the Court of Common Pleas of Lehigh County is **AFFIRMED.**

DISSENTING OPINION BY Judge LEAVITT.

Respectfully, I dissent. The School Board demoted James C. Dotterer from assistant principal to teacher after he retired, and it made this demotion retroactive to one year before his retirement. The Board's action was illegal. A demotion must be prospective, and it can never be imposed upon a retired employee. Accordingly, Dotterer filed a mandamus action to have the School District ordered to pay him the retirement benefits afforded to a retired assistant principal, the position he held when he retired. The trial court held that the subject matter of Dotterer's complaint belonged before the Secretary of Education and dismissed his complaint. The majority agrees and affirms the trial court's order, but I would reverse.

Mandamus requires the plaintiff to have a clear right to relief. Here, the statute and case law precedent are crystal clear. A school district's administrative staff lacks the authority to demote a professional employee. Only a board of school directors can demote, and it can do so only after giving the professional employee a written statement of charges and conducting a hearing on the merits of the administrative staff's recommendation. Should the board decide to demote the employee, its demotion can take effect no earlier than its demotion resolution. The School Board did not follow any of these procedures in the case of Dotterer's demotion.

The procedures for a demotion and a dismissal are set forth in Section 1127 of the Public School Code of 1949,[1] which states as follows:

> Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a

---

1. Act of March 10, 1949, P.L. 30, 24 P.S. § 11–1127.

hearing.... Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice.

24 P.S. § 11–1127. In Section 1151 of the Public School Code the legislature extended these procedures to the professional employee who declines to consent to a proposed demotion. Section 1151 states as follows:

> [T]here shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, *without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing* before the board of school directors and an appeal in the same manner *as hereinbefore provided in the case of the dismissal of a professional employe.*

24 P.S. § 11–1151 (emphasis added). The procedures "hereinbefore provided" for a "demotion" where "consent is not received" are those set forth in Section 1127 of the Public School Code, which require a "detailed written statement of the charges" and a school board hearing.

The case law precedent confirms that "[t]he law is clear that a demotion cannot become effective until after the hearing has taken place." *McCoy v. Lincoln Intermediate Unit No. 12,* 38 Pa.Cmwlth. 29, 391 A.2d 1119, 1125 (1978). This principle was first established in *Tassone v. School District of Redstone Township,* 408 Pa. 290, 183 A.2d 536, 539 (1962), where the Pennsylvania Supreme Court held that the demotion of a professional employee requires a school board hearing, and the demotion "cannot become effective until *after* the hearing has taken place." (emphasis in original). Simply, there is no such thing as a retroactive demotion.

Further, administrative staff cannot effect a demotion and later seek board approval. In *Board of School Directors of Abington School District v. Pittenger,* 9 Pa.Cmwlth. 62, 305 A.2d 382 (1973), a principal reassigned an assistant principal the duties of a teacher, albeit without a change in salary. After the employee objected, the principal then issued a detailed statement of charges, on which the school board conducted several days of hearings. By a vote of six to two, the board ratified the principal's "transfer-demotion" of the employee. *Id.* at 384. The Secretary of Education reversed the Board and reinstated the employee to his prior position. This Court affirmed the Secretary.

We reasoned, first, that a school district's administrative staff lacks the statutory authority to demote professional employees. Second, absent the employee's consent, "it is veritably a legal maxim in this Commonwealth that the provisions of the teacher's tenure, as found in the [Public] School Code requires strict compliance" and the "procedure prescribed is mandatory." *Id.* at 385 (citation omitted). It was the school district's failure to follow the procedures set forth in Sections 1127 and 1151 of the Public School Code that rendered the school board's subsequent ratification of the assistant principal's demotion null and void. In dismissing Dotterer's complaint, the trial court did not address any of these mandatory procedures for demotion of an assistant principal.

The School District's assistant superintendent, *i.e.,* a member of the administrative staff, sent Dotterer the following letter on July 1, 2011:

> If you do not consent to this demotion, you may request a hearing before the Allentown School Board. Your request for a hearing must be delivered to my office no later than July 15, 2011. *Your failure to request a hearing by 4:00 p.m. on July 15, 2011, will constitute a waiv-*

*er of statutory, contractual, and constitutional rights.* Therefore, if you fail to request a hearing, you will be demoted without a hearing.

Complaint, Exhibit A; Reproduced Record at 15a (R.R. ____) (emphasis added). On July 5, 2011, Dotterer responded that he did not consent to his demotion and wanted a hearing. In the meantime, the assistant superintendent reduced his salary to that of a teacher. This action was unlawful because it was done without Board action and, indeed, before the Board had even scheduled a hearing, let alone issued a written statement of charges to Dotterer.

There is another problem with the School District's procedure. The assistant superintendent's July 1, 2011, letter purported, impermissibly, to place the burden upon Dotterer to request a hearing. The School Code places the burden upon the school board to schedule a hearing once it learns that an employee will not consent to a demotion and nowhere states that the non-consenting employee will waive all his "statutory, contractual, and constitutional rights" if he does not request a hearing on his demotion.[2] Simply, the assistant principal's demand of Dotterer was gratuitous and unfounded. *See Neshaminy School District v. Neshaminy Federation of Teachers,* 84 A.3d 391 (Pa.Cmwlth.2014). The School Board's obligation to hold a hearing to effect a demotion is absolute and does not depend upon a professional employee's request. *Tassone,* 183 A.2d at 539.

In this case, Dotterer expressly refused consent. This triggered the School Board's responsibility to conduct a hearing as the necessary condition precedent to a demotion of Dotterer. As this Court noted in *Pittenger,* the Public School Code does not permit

*the school district to demote teachers without Board action,* so long as the teacher does not ask for a hearing. Quite to the contrary, the statute evidences a legislative intent for Board action, even where there is consent by the professional employee. Further, if there is no consent, then perforce the Legislature has required Board action.

*Pittenger,* 305 A.2d at 386 (emphasis added).

In its preliminary objection to Dotterer's mandamus complaint, the school district alleged that "Plaintiff withdrew his request for the demotion hearing." Preliminary Objection, ¶ 16; R.R. 60a. Dotterer responded, "Denied as stated." Response, ¶ 16; R.R. 99a. Dotterer went on to explain that he had retired; could not be demoted; and the demotion hearing served no purpose. This answer does not express either a consent or a willingness to relieve the School District of its obligation to hold a hearing, with or without Dotterer's request, before it could demote him.

On September 27, 2012, the School Board adopted a resolution demoting Dotterer from assistant principal to teacher and made its resolution effective July 1, 2011. A professional employee "aggrieved by the action of the board of school directors" may appeal to the Secretary of Education under Section 1131 of the Public

---

2. A notice of intended demotion might be permissible if it said:

Your failure to give consent by 4:00 p.m. on July 15, 2011, will constitute a refusal to give consent. The school district will issue a statement of charges and hold a hearing 10 days thereafter.

However, a professional employee's failure to request a hearing does not effect a waiver of the school board's statutory obligation under Section 1127 to hold a hearing before demoting the employee.

School Code. It states, in relevant part, as follows:

> In case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction at Harrisburg, Such appeal shall be filed within thirty (30) days after receipt by registered mail of the written notice of the decision of the board.

24 P.S. § 11–1131 (emphasis added).[3] To be sure, Section 1131 "provides the exclusive procedure" for obtaining "judicial review of administrative determinations." *Jackson v. Centennial School District,* 509 Pa. 101, 501 A.2d 218, 220 (1985).[4] The question here is whether Section 1131 extends to a former professional employee, *i.e.,* one who is retired.

The trial court held that Dotterer had a statutory remedy under Section 1131 of the Public School Code, which legal remedy made it impossible for him to pursue an action in mandamus. The majority agrees with this conclusion, holding that "professional employe" is a term broad enough to cover a "retired employee." I disagree.

The term "professional employe" as used in Section 1131 is a defined term, and it does not include "retired" employees. Section 1101(1) states as follows:

> As used in this article,
>
> (1) The term "professional employe" shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

24 P.S. § 11–1101(1). This exhaustive list does not include "former" or "retired" assistant principals. Under the well-settled statutory construction principle of *expresio unius est exclusio alterius,* we must presume the definition is complete and refrain from "judicially expanding" the reach of Section 1101(1) to those who are no longer certified as assistant principals, such as Dotterer. *L.S. ex rel. A.S. v. Eschbach,* 583 Pa. 47, 874 A.2d 1150, 1156 (2005).

However, even if we accept the proposition that a "professional employe" includes a "retired professional employee," it was error for the trial court to dismiss Dotterer's complaint. Rather, it was incumbent on the trial court to transfer Dotterer's complaint to the Secretary of Education. Section 5103(a) of the Judicial Code mandates the transfer of a case that has been brought before a trial court where jurisdiction lies with another "tribunal." It states as follows:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall

---

**3.** The Superintendent of Public Instruction is now designated as the Secretary of Education. *Meck v. Carlisle Area School District,* 155 Pa.Cmwlth. 469, 625 A.2d 203, 205 n. 4 (1993).

**4.** In *Jackson,* the employee appealed an adjudication of the Secretary of Education to this Court. Her appeal was untimely. Thereafter, the employee filed an assumpsit action to recover backpay. The Supreme Court held that she could have pursued the issue of her backpay in her appeal of the Secretary's adjudication; unfortunately, her appeal to this Court was untimely.

*transfer the record thereof to the proper tribunal of this Commonwealth,* where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added). A "tribunal" includes any "other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and *any other similar agency.*" 42 Pa.C.S. § 5103(d) (emphasis added). We have established that the Secretary of Education is a "tribunal" for purposes of a Section 5103(a) transfer. *Meck,* 625 A.2d at 206–07.

In *Meck,* a professional employee challenged the school board's "realignment" of his assignments by filing a complaint with a trial court under the Local Agency Law.[5] We concluded that the subject matter of the complaint fell within the jurisdiction of the Secretary of Education under Section 1131 of the Public School Code and, thus, the trial court should have transferred the complaint to the Secretary of Education. We corrected this error by ordering the trial court to do the transfer. Because the

issue was jurisdictional, we raised the transfer *sua sponte. Id.* at 206.

Here, once the trial court held that Dotterer's challenge to the Board's post-retirement demotion belonged before the Secretary of Education, it should have transferred the matter under 42 Pa.C.S. § 5103(a). The majority declines to do so because Dotterer did not ask for a transfer and even noted his opposition to a transfer at oral argument. However, parties do not decide the matter of jurisdiction; courts do.

The majority also cites *Black v. Board of Directors of West Chester Area School District,* 98 Pa.Cmwlth. 91, 510 A.2d 912 (1986), to support its decision not to transfer Dotterer's complaint to the Secretary. *Black* is distinguishable. First, it concerned a school administrator who was an active employee of the school district at the time of his demotion. Second, the employee filed a complaint with the court of common pleas many months after the school board demoted him. Because the school administrator's complaint was filed more than 30 days after the Board's action, it was untimely. Had the professional employee's complaint been timely, we held that it would have been transferred to the Secretary of Education for disposition.

Here, by contrast, a transfer of Dotterer's complaint would not be untimely. Dotterer filed his mandamus action before the Board demoted him. Further, the trial court held, specifically, that the subject of Dotterer's mandamus action, including whether the Board could demote a retired employee, was a matter for the Secretary of Education.

The majority notes that if Dotterer were unhappy with the Board's delay in scheduling a demotion hearing, he could have

**5.** Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, provides a direct right of appeal to a "person aggrieved by an adjudication of a local agency."

appealed to the Secretary.[6] This overlooks the fact that a hearing delay works to the advantage of the professional employee that has been targeted for a demotion. This is because the effective date of that demotion can be no earlier than a decision by the school board. *Tassone*, 183 A.2d at 539. Stated otherwise, even were the School District to prevail on its proposed demotion, Dotterer should have been reinstated to assistant principal up to the effective date of the Board's resolution as should his salary. *See Migliore v. School District of Philadelphia*, (Pa. Cmwlth., No. 1663 C.D.2012, filed June 18, 2013) slip op. at 13 n. 9, 2013 WL 3156533 (noting that had the assistant principal "not retired and had prevailed at the hearing, he would have been entitled to reinstatement and back pay."). When negotiations broke down between Dotterer and the School District, the School District should have promptly initiated the formal procedures under Section 1151 to avoid a reinstatement of his salary that had been reduced before the Board's demotion.[7]

Dotterer was not a "professional employee" when the Board demoted him. He was retired. Section 1131 cannot be read to apply to retired professionals. Because Dotterer lacks a statutory remedy by which to challenge the Board's action to demote him, he can pursue his claim in mandamus. Accordingly, I would reverse the trial court's dismissal of his complaint.

President Judge PELLEGRINI and Judge McCULLOUGH join in this dissent.

---

6. Dotterer went on medical leave on June 21, 2011. He underwent shoulder surgery in December 2011, and remained on medical leave for the 2011–2012 school year. In June of 2012, Dotterer was released to return to work. At that point, he repeatedly requested the School Board to hold a hearing on his putative demotion and for a written statement of the charges. Complaint, Exhibits I, J and L; R.R. 33a, 35a, 39a. In spite of promises from the District's counsel that a hearing would be scheduled, it was not.

During the summer of 2012, Dotterer informed the School District that he was considering a retirement. However, he also explained that he preferred to return to work for the 2012–2013 school year at his assistant principal position.

7. The Board's retroactive demotion was contrary to the clear requirement that a demotion be prospective. It was done to avoid a reinstatement at least up to the date of the Board's demotion. *See, e.g., Patchel v. Board of School Directors of Wilkinsburg School District*, 42 Pa.Cmwlth. 34, 400 A.2d 229, 230 (1979).