IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,                         :
                    Appellant           :
                                         :
        v.                               :
                                         :
City of Easton Police Department         :    No. 515 C.D. 2020
and Captain Beitler                      :    Submitted: September 3, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  December 3, 2021


          Thomas W. Olick (Olick) appeals from the April 23, 2020 order of the

Northampton County Court of Common Pleas (trial court) that: (1) granted the City

of Easton Police Department and Captain David Beitler's (collectively, Appellees)

preliminary objection in the nature of a demurrer to Olick's Mandamus/Complaint;

(2) granted Appellees' Motion to Bar Future Filings; and (3) denied Olick's Motion

to Compel.  Upon review, we affirm.

          Olick filed his Mandamus/Complaint (Complaint) in the trial court on

November 14, 2019,[1] seeking the production of documents related to numerous

          [1] Prior to Olick commencing the instant matter by filing the Complaint, Olick prosecuted
a separate lawsuit in the trial court at Northampton County Court of Common Pleas Docket No.
C-48-CV-2018-116727 (the previous lawsuit).  By order dated August 8, 2019, the trial court
dismissed Counts II and III from the previous lawsuit for want of jurisdiction and directed Olick

previous document requests made by Olick pursuant to Pennsylvania's Right-to-Know Law[2] (RTKL), in relation to multiple matters.[3]   On December 9, 2019, Appellees filed the "Defendants, City of Easton Police Department and Captain Beitler's Preliminary Objections to Plaintiff's Mandamus/Complaint and Motion to Bar Future Filings By Plaintiff" (First Preliminary Objections), alleging improper service and legal insufficiency of the claims.  The First Preliminary Objections also contained a motion by Appellees to bar Olick from future filings pursuant to Pa.R.Civ.P. 233.1.

On December 18, 2019, Olick filed his Amended Complaint/Mandamus (Amended Complaint), which raised the same claims as the Complaint.  Olick served the Amended Complaint on Appellees only by certified mail on December 23, 2019.  On January 8, 2020, Appellees again filed preliminary objections in reference to the Amended Complaint (Second Preliminary Objections),

---

to commence an action in the Commonwealth Court's original jurisdiction.  Dismissed Counts II and III from the previous lawsuit are the same as Count II and Count III included in the Complaint in the instant matter.  The August 8, 2019 trial court order further determined that Count I of Olick's Complaint in the previous lawsuit was filed in anticipation of noncompliance, and therefore did not properly constitute a mandamus action.

On the direction of the trial court, on August 9, 2019, Olick filed a Complaint in Mandamus in this Court's original jurisdiction.  However, by order dated September 10, 2019, this Court determined that it lacked jurisdiction and transferred the matter to the trial court.  Thereafter, on November 14, 2019, Olick filed the Complaint herein, which was technically an amendment to the Complaint in Mandamus previously filed on August 9, 2019, in this Court, but which, for the sake of simplicity, we refer to as simply the "Complaint" herein.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

[3] As the trial court explained, "the instant matter involved multiple filings by [Olick] that relate to each other in several ways."  *See* Order of Court filed April 23, 2020 (Trial Court Order) at 2.  In the Trial Court Order, the trial court reviewed the factual and procedural history of the multiple underlying matters and filings at length.  *See* Trial Court Order at 2-17.  We commend the trial court for this painstaking exercise, which we need not replicate herein.

2

once more alleging improper service and legal insufficiency of the pleadings, which Olick had not remedied in the Amended Complaint. Additionally, the Second Preliminary Objections again included a Motion to Bar Future Filings Pursuant to Pa.R.Civ.P. 233.1(c) (Motion to Bar).

On January 21, 2020, Olick filed a Motion to Compel Appellees' Production of Records (Motion to Compel), seeking the same documents sought in his Complaint and Amended Complaint. Appellees responded on February 6, 2020.

The trial court conducted a hearing on the Second Preliminary Objections and the Motion to Bar on February 18, 2020.[4] On March 17, 2020, at the request of the trial court, Appellees filed the Affidavit of Captain Beitler (Beitler Affidavit) explaining that the Easton Police Department had previously conducted good faith reviews of its files in response to Olick's requests and produced all responsive documents in its possession on multiple occasions.

On April 23, 2020, the trial court issued an order granting the Second Preliminary Objections[5] and the Motion to Bar and denying Olick's Motion to Compel (Trial Court Order).[6] Appellant filed a Motion to Reconsider the Order of

---

[4] The record does not contain a transcript of the February 18, 2020 hearing.

[5] The trial court denied Appellees' First Preliminary Objection based on improper service as moot but granted Appellees' second preliminary objection on the basis of legal insufficiency. *See* Trial Court Order at 20-22.

[6] The trial court amended the Trial Court Order by order dated May 12, 2020, to include express language dismissing the Amended Complaint with prejudice, which dismissal language the trial court had omitted from the original Trial Court Order. *See* Order of Court dated May 12, 2020.

3

April 23, 2020, which the trial court denied on May 21, 2020. Olick appealed to this Court.[7]

Olick makes a number of allegations in the instant appeal, all of which hinge on whether the trial court erred in sustaining the demurrer contained in the Second Preliminary Objections and based upon Appellees' representation through the Beitler Affidavit that they have produced all records in their possession responsive to Olick's many requests. *See* Olick's Br. at 11-12.[8] None of his arguments entitle Olick to relief.

---

[7] On May 21, 2020, the trial court denied Olick's petition to proceed *in forma pauperis* on appeal. *See* Trial Court Order filed May 21, 2020. This Court likewise denied Olick's request to proceed *in forma pauperis* on appeal on September 16, 2020. *See* Commonwealth Court Order filed September 16, 2020.

[8] Olick lists his issues on appeal as follows:

> 1. Has [Olick] produced prima facie undisputed evidence of documents and records that [Appellees] destroyed, concealed and/or failed to timely produce documents (until at least 3/16/20) pursuant to the 2015 Final Determinations?
>
> 2. Has [Olick] produced prima facie undisputed evidence of documents and records that [Appellees] destroyed, concealed and/or failed to timely produce documents (until at least 3/16/20) pursuant to the 2018 Final Determinations?
>
> 3. Does [] Appellee[s]' 3/16/20 [d]ocument production contain evidence that additional evidence and documents are still being concealed?
>
> 4. Should the lower court have imposed Pa[.] [s]tatutory [p]enalties against [Appellees] for [their] untimely production of (and knowing unreasonable denial and false statements concerning- e.g.[,] Bruneo Complaint and Deitz Threatening Letter) required evidence pursuant to the 2015 and/or 2018 Final Determinations?
>
> 5. Did [Appellees] make sworn admissions adverse to [their] interests in that [they] had previously failed to timely produce

4

In reviewing a trial court's decision dismissing a mandamus complaint on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Dotterer v. Sch. Dist. of Allentown*, 92 A.3d 875, 880 (Pa. Cmwlth. 2014). "When considering preliminary objections, we must consider as true all well-pled material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." *Id.* However, we need not accept legal conclusions. *Id.* "Preliminary objections should be sustained only in cases where it is clear and free from doubt that the facts pled are legally insufficient to establish a right to relief." *Id.* As such review raises a question of law, our scope of review is plenary. *Id.*

"Mandamus is an extraordinary writ which will only issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Dotterer*, 92 A.3d at 880 (internal quotation marks omitted). "If any one of the foregoing elements is absent, mandamus does not lie." *Id.* at 881.

Additionally, under the RTKL, upon request by a member of the public, local agencies are required to make a good faith effort to determine whether a requested record exists, is a public, legislative, or financial record, and is in the possession of the agency, and then provide those members of the public with copies of public records within their possession. *See* Sections 302 and 901 of the RTKL, 65 P.S. §§ 67.302 & 67.901. Local agencies are not required, however, to create

---

evidence [they were] required to produce pursuant to 2015 and/or 2018 Final Determinations, and the 6/18/18 Order?

Olick's Br. at 11-12.

5

records for the purpose of complying with a RTKL request. *See* Section 705 of the RTKL, 65 P.S. § 67.705 ("When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record."). If, upon the submission of a RTKL request, no records exist or are in possession of the local agency, the local agency has no production obligations with respect to the request. *See id.* The burden of proving that a document does not exist is on the agency responding to the request. *See Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011) (noting that an agency is not required to create a record if the requested record does not exist); *Moore v. Off. of Open Recs.*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (explaining that the standard is whether the requested record is in existence and in the possession of the Commonwealth agency at the time of the request). To sustain its burden of proof, an agency may provide a sworn affidavit or statement made under the penalty of perjury as competent evidence to show that a record does not exist. *See Hodges*, 29 A.3d at 1192; *see also Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore*, 992 A.2d at 909 (stating that an agency may submit an affidavit to satisfy its burden of proof).

Further, in recognition that "certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings[,]"[9] Pa.R.Civ.P. 233.1 allows defendants to file a motion to dismiss frivolous *pro se* litigation as follows:

---

[9] Pa.R.Civ.P. 233.1, Explanatory cmt. 2010.

6

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
>> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>>
>> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.Civ.P. 233.1(a). "Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.Civ.P. 233.1(c). As the Superior Court of Pennsylvania has explained:[10]

> [Pa.R.Civ.P.] 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the

---

[10] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

> trial court to ban the *pro se* litigant's commencement of
> further actions against such defendants.

*Gray v. Buonopane*, 53 A.3d 829, 835 (Pa. Super. 2012). This Court has recognized that "the requirements of [Pa.]R[.Civ.P.] 233.1 are not as stringent as the traditional collateral estoppel requirements. It is sufficient for a movant for dismissal to establish the claims were related and that they were resolved." *Kerns v. J.L.R.* (Pa. Cmwlth., No. 234 C.D. 2016, filed Mar. 8, 2017),[11] slip op. at 7. Therefore, the application of Pa.R.Civ.P. 233.1 does not require that a matter has progressed to a final judgment on the merits. *See Kerns*, slip op. at 9. We review a trial court's grant of a motion to bar future filings pursuant to Pa.R.Civ.P. 233.1 for an abuse of discretion. *See Kerns*, slip op. at 4 n.4.

Here, following a hearing and in response to the trial court's request, Appellees submitted the Beitler Affidavit, in which Captain Beitler attested that the City of Easton Police Department conducted thorough examinations of its files (and the files of relevant third-party contractors and outside counsel) and produced, on numerous occasions, all documents in its possession, custody, and control responsive to Olick's multiple requests. *See* Beitler Aff. at 2. Based on the Beitler Affidavit, the trial court acknowledged that Appellees had repeatedly complied with Olick's requests for the production of documents, determined that Appellees acted in good faith, and granted Appellees' preliminary objection in the form of a demurrer as a result of the legal insufficiency of the pleadings. *See* Trial Court Order at 22. We find no error or abuse of discretion in the trial court's determination. *Dotterer*; *Hodges*; Section 705 of the RTKL, 65 P.S. § 67.705.

---

[11] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

Additionally, the trial court denied Olick's Motion to Compel as "redundant in that it requests the same actions already requested in the mandamus action[,]" and further that "[Appellees] have complied with [Olick's] requests." Trial Court Order at 22. We likewise find no error or abuse of discretion in this determination.

Finally, the trial court granted the Motion to Bar based on its detailed review of the procedural posture and results of the underlying matters and its conclusion that Appellees have repeatedly complied with Olick's repeated document production requests.[12] *See* Trial Court Order at 22-26. The trial court explained its grant of the Motion to Bar thusly:

> Overall, [Olick] has filed several lawsuits against [Appellees]. We are aware of the Northampton County cases under the term numbers CV-2017-00358, CV-2018-11627, and the instant matter of CV-2019-10578. In the Northampton County case at CV-2017-00358, as clearly outlined in Judge Dally's August 27, 2018 order and opinion denying the motion for sanctions, the claims were clearly resolved in a court proceeding. After [Olick] appealed, the matter was later quashed by the Commonwealth Court. Additionally, we find that the instant matter has once again addressed the discovery and RTKL issues presented by [Olick].
>
> Our opinion today has granted [Appellees'] preliminary objection based on Pa.R.C[iv].P. 1028(a)(4), which dismisses the action. Accordingly, there are no

---

[12] We note that, in addition to the painstaking detailing of the procedural posture and results of the underlying and preceding litigation regarding Olick's claims and Appellees' compliance therewith, accomplished no doubt at a great expenditure of the trial court's time and energy, *see* Trial Court Order at 2-17, the trial court also further detailed Appellees' additional efforts to comply with Olick's requests and explain that compliance to Olick from April 2017 through April 2019. *See* Trial Court Order at 23-24.

9

outstanding motions in this docket, and the [M]otion to [B]ar [F]uture [F]ilings is wholly appropriate. [Appellees] have produced the requested documents to [Olick] numerous times. [Olick's] underlying claim is in federal court. [Olick] has made the same requests upon [Appellees] in that jurisdiction, and [Appellees] have clearly complied.

In conclusion, we find that applying Pa.R.C[iv].P. 233.1(c) is not only appropriate but necessary in the instant matter because any and all RTKL and discovery issues have been resolved. Any future filings on this issue would be superfluous. A fair review of the history of this case involving the numerous lawsuits clearly illustrates that [Olick] has been overly litigious and vexatious.[13] Therefore, we grant [Appellees'] preliminary objections based on Pa.R.C[iv].P. 1028(a)(4) and we grant [Appellees'] Motion to Bar Future Filings based on Pa.R.C[iv].P. 233.1(c).

Trial Court Order at 25-26. We find no error or abuse of discretion in the trial court's determination. Pa.R.Civ.P. 233.1; *Kerns*.

For the preceding reasons, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] *See* Trial Court Order at 5-15 & 25.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,                :
           Appellant      :
                         :
         v.               :
                         :
City of Easton Police Department   :   No. 515 C.D. 2020
and Captain Beitler            :

## O R D E R

AND NOW, this 3rd day of December, 2021, the April 23, 2020 order of the Northampton County Court of Common Pleas is AFFIRMED.

 

_____
CHRISTINE FIZZANO CANNON, Judge