Mary Konieczny, Anthony J.           :
Golembiewski, Christopher W.         :
Humphrey, and Therese                :
Thompson Miles,                      :
               Appellants           :
                          :
         v.                      :
                          :
Stephen A. Zappala, Jr., District    :   No. 941 C.D. 2020
Attorney of Allegheny County         :   Argued: May 16, 2022

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE FIZZANO CANNON         FILED: June 7, 2022

         Mary Konieczny, Anthony J. Golembiewski, Christopher W. Humphrey, and Therese Thompson Miles (collectively, Appellants) appeal from the order of the Court of Common Pleas of Allegheny County (trial court) dated October 16, 2019 (Order), that granted the preliminary objections filed by Stephen A. Zappala, Jr. (Appellee) to Appellants' complaint in mandamus and dismissed the action with prejudice. Upon review, we reverse the Order and remand the matter for further proceedings.

The Superior Court outlined the underlying facts and procedural posture of this matter[1] as follows:

On April 9, 2019, members of the Pittsburgh City Council passed, and Mayor William Peduto signed, firearm and firearm accessory ordinances outlawing certain firearms and firearms accessories within the city limits of Pittsburgh [(the Firearms Ordinances)]. On April 12, 2019, Appellants presented to Appellee's office private criminal complaint forms [(the Private Criminal Complaints)] against Mayor Peduto and various members of Pittsburgh City Council. Appellants contend that the act of passing new firearm legislation constitutes official oppression pursuant to 18 Pa.C.S. § 5301.[2] It is alleged that Appellee refused to accept the [P]rivate [C]riminal [C]omplaints or take further action. However, Appellants have conceded that at the time they presented the [P]rivate [C]riminal [C]omplaints to Appellee, they were handed copies of a press release regarding Appellee's position that he would not review anything connected with any alleged

---

[1] Appellants originally filed this appeal in the Superior Court, which then transferred the matter to this Court. *See Konieczny v. Zappala* (Pa. Super., No. 1762 WDA 2019, filed Aug. 19, 2020).

[2] Section 5301 of the Criminal Code defines the crime of official oppression as follows:

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S. § 5301.

violations of the [Firearms O]rdinances that the Mayor and the City Council had passed.

On August 15, 2019, Appellants filed the instant "complaint in mandamus seeking review of the denial of the private criminal complaint under Pa.R.Crim.P. 506 and request for writ of mandamus under Pa.R.C[iv].P. 1093[]" [(Mandamus Complaint)]. Specifically, Appellants asserted that Appellee was required to accept their private criminal complaints against Mayor Peduto and Pittsburgh Council as stated in Pa.R.Crim.P. 506. Appellants sought mandamus relief pursuant to Pa.R.C[iv].P. 1093, noting that the rule provides the right of a Pennsylvania citizen to file a writ of mandamus against a government official who has refused to act in accordance with the legal responsibilities of his position or office.

On September 9, 2019, Appellee filed preliminary objections to the [Mandamus Complaint] and a supporting brief. On October 16, 2019, Appellants filed a brief in opposition to Appellee's preliminary objections. Also on October 16, 2019, the trial court entered an order that granted Appellee's preliminary objections and dismissed the [Mandamus Complaint] with prejudice. This timely appeal followed.

*Konieczny v. Zappala* (Pa. Super., No. 1762 WDA 2019, filed Aug. 19, 2020), slip op. at 1-3 (internal record citations, brackets, and some quotation marks omitted).

On appeal,[3] Appellants claim the trial court abused its discretion and erred as a matter of law by denying the Mandamus Complaint. *See* Appellants' Br. at 7, 12-21. Specifically, Appellants argue that Appellee's failure to accept the completed private criminal complaint forms and to provide a written reason for this

---

[3] In reviewing a trial court's decision dismissing a mandamus complaint on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Dotterer v. Sch. Dist. of Allentown*, 92 A.3d 875, 880 (Pa. Cmwlth. 2014).

3

failure contravened his duty under Pennsylvania Rule of Criminal Procedure 506 (Rule 506). *See id.* Appellants further allege that they had standing to bring the underlying claims contained in the Private Criminal Complaints, which they argue were ripe for consideration. *See id.* Appellee counters that trial court properly dismissed the Mandamus Complaint because the Firearms Ordinances upon which the Private Criminal Complaints were based never became law. *See* Appellee's Br. at 2, 8-17. Therefore, Appellee argues that the Private Criminal Complaints alleged no crimes and Appellants suffered no injury that would confer standing to bring the charges contained in the Private Criminal Complaints. *See id.* at 8-17. Additionally, Appellee argues that Appellants have waived their arguments by failing to appeal as required to obtain review of denied private criminal complaints. *See id.* at 17-20.

Initially, we note that "[m]andamus is an extraordinary writ which will only issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Dotterer v. Sch. Dist. of Allentown*, 92 A.3d 875, 880 (Pa. Cmwlth. 2014) (internal quotation marks omitted). "If any one of the foregoing elements is absent, mandamus does not lie." *Id.* at 881. However, while a court in a mandamus proceeding may not compel a public official to exercise discretionary power in a specific manner that the court would deem wise or desirable, "a writ of mandamus can be used to compel a public official to exercise discretion where the official has a mandatory duty to perform a discretionary act and has refused to exercise discretion." *Seeton v. Adams*, 50 A.3d 268, 274 (Pa. Cmwlth. 2012).

Rule 506 allows private citizens to request the initiation of criminal proceedings against others by submitting a private criminal complaint for review by

4

an attorney of the Commonwealth – a district attorney or the Attorney General. *See* Pa.R.Crim.P. 506. Regarding the submission and approval of private criminal complaints, Rule 506 provides as follows:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
>> (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
>>
>> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506. Additionally, where the allegations contained in a private criminal complaint are supported by factual averments, "[t]he district attorney must investigate the allegations of the complaint to permit a proper decision whether to approve or disapprove the complaint." *In re Ullman*, 995 A.2d 1207, 1213 (Pa. Super. 2010). Thus, under Rule 506, upon the receipt of a private criminal complaint submitted by a citizen that contains factual averments, the attorney for the Commonwealth is obligated to review, investigate,[4] and either approve or deny the complaint, and, when denying a complaint, write the reasons for the denial on the

---

[4] "Such investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments." *Ullman*, 995 A.2d at 1213 (quoting *Commonwealth v. Muroski,* 506 A.2d 1312, 1317 (Pa. Super. 1986) (*en banc*)) (brackets omitted).

5

private criminal complaint form before returning the complaint form to the complainant. *See* Pa.R.Crim.P. 506. Following a denial of a private criminal complaint by an attorney for the Commonwealth, the complainant may then appeal to a court of common pleas, which reviews the denial according to the following principles:

> Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. On appeal, this court is limited to determining whether the trial court abused its discretion.

*In re Priv. Complaint of Owens Against Coker*, 810 A.2d 172, 175-76 (Pa. Super. 2002) (quoting *In re: Priv. Complaint of Adams,* 764 A.2d 577, 579 (Pa. Super. 2000)) (internal citations and footnote omitted).

In the instant matter, Appellee was required under Rule 506 to review the Private Criminal Complaints and either approve and forward them to the issuing authority (a Magisterial District Judge), or deny them, stating the reasons for the denials in writing on the Private Criminal Complaints. Appellee failed to comply with these obligations. Instead, without conducting a review of or investigation into the allegations contained in the Private Criminal Complaints, Appellee's office simply provided Appellants with a previously drafted press release setting forth Appellee's position that he would not be "reviewing anything connected with any

6

alleged violations of the illegal [Firearms] Ordinances that the Mayor and the City has passed." *See* Appellee's Br. at 4.[5] This express refusal to even review any claims related to the passage of the Firearms Ordinances violated Appellee's duty under Rule 506, which requires district attorneys to review, investigate, and rule on submitted private criminal complaints. Appellants therefore properly requested a writ of mandamus to require Appellee to perform his duty to review, investigate, and accept or deny their properly submitted Rule 506 Private Criminal Complaints. Accordingly, the denial of the Mandamus Complaint represents error on the part of the trial court.

Additionally, we are not persuaded by Appellee's argument that the press release provided to Appellants at the time they submitted the Private Criminal Complaints constitutes a written denial of the complaints in compliance with Rule 506. *See* Appellee's Br. at 17-20. First, we note that the press release was not a statement of denial reasons written on each complaint form and returned to the affiant, as required by Rule 506(B)(2). Even accepting that a writing other than one placed on an actual private criminal complaint itself can suffice to fulfill the requirements of Rule 506,[6] we note that the Rule 506 obligations to review and investigate private criminal complaints remain and were not followed in this matter.

---

[5] Neither the trial court record nor the reproduced record contains a copy of this press release.

[6] Where reviewing courts have accepted denials of private criminal complaints contained in writings other than the private criminal complaint itself, the denials were still specifically tailored to the private criminal complaint in response to which those writings were drafted. *See In re Priv. Criminal Complaints of Rafferty*, 969 A.2d 578 (Pa. Super. 2009) (complainant supplied with letter specifically denying the private criminal complaint with an explanation of the denial); *In re Brown* (Pa. Super., No. 1997 MDA 2014, filed Aug. 21, 2015) (disapproval returned to complainant after review on form other than private criminal complaint contained the same information that would have been provided had it come in the form prescribed by Rule 506(B)(2)).

In lieu of reviewing and investigating the allegations contained in the Private Criminal Complaints, Appellee's office simply handed Appellants a pre-written press release offering a blanket statement that Appellee did not intend to address any complaints dealing with violation of the Firearms Ordinances. Not only could this previously written press release not have been drafted in consideration of the allegations contained in the Private Criminal Complaints, it was effectively an abdication of Appellee's Rule 506 duties to review, investigate, and rule on all private criminal complaints properly submitted by citizens of the Commonwealth that concerned the Firearms Ordinances, without consideration of the factual allegations or legal arguments contained therein. We find this protocol for addressing private criminal complaints to be insufficient for an attorney of the Commonwealth to fulfill his Rule 506 obligations.

Further, although facially related to the Firearms Ordinances, we note that the Private Criminal Complaints did not actually concern alleged violations of those Ordinances, but instead alleged instances of official oppression in violation of 18 Pa.C.S. § 5301 in connection with the enactment of the Ordinances. Thus, the Private Criminal Complaints did not actually concern complaints "connected with any alleged violation of the illegal [Firearms] Ordinances that the Mayor and the City had passed[,]" and the press release therefore was inapplicable to the allegations of contained therein.

Appellee's argument that Appellants were not entitled to mandamus because they failed to petition for review pursuant to Rule 506(B)(2) based on the rationale set forth in the press release is likewise unconvincing. *See* Appellee's Br. at 17-20. The press release did not set forth any rationale for Appellee's refusal to review the Private Criminal Complaints. Instead, the press release merely stated that

8

no review would be conducted.  Review of a denial of a private criminal complaint depends on the given reason for the denial.  *See Coker*, 810 A.2d at 175-76. Appellants cannot be faulted for failing to seek review of a reason that was not provided.  Indeed, without a statement of the reasons for Appellee's denial of the Private Criminal Complaints, the trial court had nothing to review.

For the foregoing reasons, we reverse the Order and remand this matter to the trial court to further remand to Appellee with directions that Appellee comply with Rule 506 by reviewing and either accepting the Private Criminal Complaints or denying the same with written reasons for such denials provided thereon.[7]  *See Seeton*.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] We pass no judgment at this time on any of the standing or ripeness issues addressed by the parties and the trial court, as those questions are not before us.  Further, we acknowledge that review of the Private Criminal Complaints on remand may result in the same outcome as before, possibly for the reasons already stated by Appellee in his preliminary objections to the Mandamus Complaint.  We observe, however, that while the result of observing the requirements of Rule 506 on remand may be a foregone conclusion, as the attorney for the Commonwealth to whom such private criminal complaints must be presented in Allegheny County, Appellee is mandated by Rule 506 to conduct this exercise.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mary Konieczny, Anthony J. Golembiewski, Christopher W. Humphrey, and Therese Thompson Miles, | : : : : | |
| Appellants | : : | |
| v. | : : | |
| Stephen A. Zappala, Jr., District Attorney of Allegheny County | : : | No. 941 C.D. 2020 |

## O R D E R

AND NOW, this 7th day of June, 2022, the October 16, 2019 order of the Court of Common Pleas of Allegheny County (trial court) is REVERSED. The matter is REMANDED to the trial court to further remand the matter to the office of the District Attorney of Allegheny County to review, consider, and approve or disapprove the previously filed private criminal complaints without unreasonable delay.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge