Michael LaPorta, Petitioner *v.* Commonwealth of Pennsylvania, Secretary of Education and Bucks County Public Schools Intermediate Unit No. 22, Respondents.

Argued February 9, 1979, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Cole,* for appellant.

*Donna S. Weldon,* Assistant Attorney General, with her *Patricia A. Donovan,* Deputy Attorney General, Chief Counsel, for appellee, Secretary of Education.

*Paul L. Stevens,* with him *Charles N. Sweet,* and, of counsel, *Curtin and Heefner,* for appellee, Bucks County Public Schools, Intermediate Unit No. 22.

OPINION BY JUDGE ROGERS, March 19, 1979:

Michael W. LaPorta has appealed from an order of the Secretary of Education dismissing his appeal from the action of the Board of Directors of the Bucks County Intermediate Unit No. 22 denying him a hearing before the School Board with respect to his discharge on July 3, 1973 from his position as Project Director of the Bucks County Youth Corps. LaPorta contends that he was a professional employe of the School District entitled prior to discharge to a statement of charges, a hearing and the benefit of other procedures provided professional employes by Sections 1121 through 1132 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1121 through 11-1132.

This matter was the subject of our opinion and order in the case of *Laporta v. Bucks County Public Schools Intermediate Unit, No. 22*, 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974), allocatur refused February 14, 1975. The case just cited was LaPorta's appeal from an order of the Court of Common Pleas of Bucks County quashing his appeal from his discharge to that court under the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. The Court of Common Pleas of Bucks County and this Court on appeal held that since LaPorta alleged that he was a professional employe the only proper and legal procedure for him to establish his status as such and therefore his entitlement to the protections of that status was that provided by the Public School Code of 1949—in particular, by appeal to the Secretary of Education within 30 days in accordance with Section 1131, 24 P.S. §11-1131.

A case could undoubtedly be made for the timeliness of an appeal to the Secretary of Education taken by LaPorta within 30 days of the Supreme Court's refusal on February 14, 1975 of allocatur of this

Court's order telling him that this was his remedy. LaPorta filed no such appeal. In June 1976 his counsel wrote to the Board of School Directors of the Bucks County Intermediate Unit No. 22 again requesting a hearing with reference to the termination of LaPorta's employment. The Board of School Directors again refused a hearing. This time LaPorta appealed the Board's decision to the Secretary of Education which, as we have noted, dismissed it as untimely.

It is too clear for serious argument to the contrary that LaPorta's appeal to the Secretary of Education taken more than three years after his dismissal and almost a year and a half after the Supreme Court refused allocatur of our decision, was untimely.

Order affirmed.

### ORDER

AND Now, this 19th day of March, 1979, the order of the Secretary of Education dismissing the appeal of Michael LaPorta, made October 19, 1977, is affirmed.