Ethel McNeil Wolff, Appellant *v.* Board of School Directors of the Chichester School District, Appellee.

Argued April 6, 1981, before Judges Rogers, Mac-Phail and Palladino, sitting as a panel of three.

*C. Norwood Wherry,* for appellant.

*Gregory J. Polischuk,* with him *Arthur Levy,* of counsel, *Levy and Surrick,* for appellee.

Opinion by Judge MacPhail, May 6, 1981:

This is an appeal from an order of the Court of Common Pleas of Delaware County which sustained a preliminary objection of the Board of School Directors of the Chichester School District (Board) in the nature of a motion to strike the amended complaint of Ethel McNeil Wolff (Appellant) for failure to exhaust an adequate statutory remedy.

Appellant initiated this litigation by the filing of a complaint in equity on October 18, 1979 wherein she alleged, *inter alia,* that she was employed as a profes-

sional employee by the Board on January 20, 1976 as a part-time psychologist; that she was not tendered a professional employee's contract; that her services were terminated by a letter from the Board on June 18, 1979 stating that her services were no longer required; and that at the insistence of the Board during the course of her employment, she executed the necessary papers to accomplish her reinstatement in the Public School Employees' Retirement System (Retirement System) under the provisions of the Public School Employees' Retirement Code, 24 Pa. C. S. §8101 *et seq.* whereupon appropriate payments to the Retirement System were made by the Appellant and the Board but that on February 28, 1978, the Board unilaterally discontinued Appellant's membership in the Retirement System.

Appellant requested, *inter alia,* that the Court direct the Board to (a) reinstate her as a member of the Retirement System and (b) offer her a written professional contract for the 1979-80 school year.

Upon the filing of preliminary objections by the Board, the trial court entered an order sustaining the objection in the nature of a motion to strike for the Appellant's failure to exhaust or exercise an adequate statutory remedy. Leave was granted by the Court to Appellant to file an amended complaint.

Appellant timely filed an amended complaint. In that pleading, Appellant repeated almost verbatim the allegations of her original complaint but added the following paragraphs:

13. Plaintiff requested a hearing under the Local Agency Law and was refused.

14. Plaintiff requested a hearing before the Directors of the School Board and was refused.

15. Plaintiff has exhausted her available statutory remedies.

Once again, preliminary objections were filed by the Board and, once again, the trial court sustained the preliminary objection in the nature of a motion to strike for failure to exercise or exhaust an adequate statutory remedy. This time, however, the trial court dismissed the Appellant's complaint.

In his memorandum opinion in support of his order, the trial judge noted that the provisions of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 *et seq.* rather than the Local Agency Law (Law), 2 Pa. C. S. §§551-555 and 751-754 pertain to appeals filed by persons claiming to be professional employees of an educational unit. We agree.

The trial judge also held that since the complaint failed to set forth that the Appellant appealed the Board's action to the Secretary of Education (Secretary) as required by Section 1131 of the Code, 24 P.S. §11-1131, Appellant had not exhausted her statutory remedies. Again, we are satisfied that the trial court's ruling was correct. *LaPorta v. Bucks County Public Schools Intermediate Unit No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974) and *LaPorta v. Secretary of Education,* 41 Pa. Commonwealth Ct. 317, 398 A.2d 1116 (1979).

Appellant contends in this Court that (1) there is nothing in the pleading before us to enable us to determine as a matter of law whether she should or *could* have sought review by the Secretary since the Board's reasons for terminating her contract were not specified and (2) the trial court failed to address the issue of Appellant's reinstatement in the Retirement System.

As we have noted, since Appellant contends she is a professional employee, her remedy upon the Board's refusal to grant her a hearing was an appeal to the Secretary. Her argument that there was nothing to

trigger such an appeal is devoid of merit. The Board's refusal to hold a hearing and its failure to specify the charges upon which her dismissal was based are both grounds which would trigger an appeal to the Secretary. Appellant contends that her case is comparable with that presented to us in *West Shore School District v. Bowman*, 48 Pa. Commonwealth Ct. 104, 409 A.2d 474 (1979). A close reading of that case, however, will disclose some important differences. In *West Shore*, the employee *did* appeal to the Secretary. Here, Appellant did not. In *West Shore*, an important issue was whether the employee quit or was discharged, an issue not before us in the instant case. In *West Shore*, there was no action by the School Board other than a resolution affirming the action of the Superintendent in writing a letter to the employee advising her that she was no longer being retained by the school district. Here, Appellant alleges that the *Board* terminated her by letter on June 18, 1979 effective June 22, 1979. Because of those differences, our decision in *West Shore* obviously does not control the instant case.

It is true, however, as contended by the Appellant that the trial court did not address the issue of Appellant's reinstatement in the Retirement System. The Board's preliminary objection in the nature of a motion to strike for failure to exhaust or exercise an adequate statutory remedy was addressed solely to Appellant's averments regarding her allegedly improper termination. The Board's preliminary objections in the nature of a demurrer and more specific pleading, both of which dealt exclusively with the retirement issue, were *dismissed* by the court. The preliminary objection in the nature of a motion to strike for failure to conform to law or rule of court, also dealing exclusively with the retirement issue, was not disposed of at all by the trial court. We conclude that the cause

of action regarding the Appellant's alleged removal from the Retirement System by the Board was improperly dismissed by the trial court's order and must be resolved by further proceedings in that court.

### ORDER

AND Now, this 6th day of May, 1981, the order of the Court of Common Pleas of Delaware County, dated April 21, 1980, is affirmed insofar as it dismisses that portion of the Plaintiff's complaint which seeks a professional contract for the 1979-1980 school year. The case is remanded to the Court of Common Pleas of Delaware County for further proceedings relative to the Plaintiff's reinstatement in the Public School Employees' Retirement System.