**Marie WEBER, Petitioner,**

v.

**WYOMING VALLEY WEST SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1995.

Decided Dec. 18, 1995.

Donna S. Weldon, for petitioner.

Michael J. Hudacek, Sr., for respondent.

Before SMITH and KELLEY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

Marie Weber (Weber) petitions for review of an order of the Secretary of Education (Secretary) that dismissed her appeal from the actions of the Wyoming Valley West School District (School District) in terminating her and later refusing to conduct a hearing, in claimed violation of provisions of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702. The issues Weber states are: (1) Did any event trigger the 30–day statutory appeal period? (2) Did the Secretary err in raising *sua sponte* a matter not related to subject matter jurisdiction? (3) Was Weber a "professional employee" when she was terminated? and (4) What is the proper remedy, where a professional employee is terminated without notice of a hearing and an opportunity to be heard and without statutorily required cause?

Following a hearing before a designated hearing examiner, the Secretary found that Weber, who is certified by the Commonwealth to teach elementary education, taught in another district for six years. The School District hired Weber in September 1990 to teach a section of the third grade class at its State Street School that was added solely for the 1990–1991 school year because of increased enrollment. That section was

merged into others at the end of the year. The School District then hired Weber to teach a section of the first grade created only for the 1991–1992 school year, which was also merged into others at the end of the year. In June 1992 the superintendent informed Weber that there would not be a position for her the following year. Weber worked only as a day-to-day substitute during the 1992–1993 school year. In the following year she worked as a long-term substitute from November 1993 to June 1994.

In January 1994 Weber requested in writing a hearing before the school board pursuant to the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, asserting that she was terminated improperly at the conclusion of the 1991–1992 school year. The superintendent responded orally, informing Weber's counsel that Weber was not entitled to a hearing. On February 8, 1994, Weber appealed to the Secretary.

The Secretary first assumed, but expressly did not decide, that Weber was a "professional employe" within the meaning of the School Code and entitled to its procedural protections; he then focused on whether Weber's appeal was timely under applicable provisions. He concluded that the statutory 30-day appeal period from a termination could not be applied rigidly, because the School District had not sent Weber the registered letter informing her of her termination that the statute requires to trigger such a period. The Secretary then examined cases with similar situations.

In *West Shore Sch. Dist. v. Bowman,* 48 Pa.Cmwlth. 104, 409 A.2d 474 (1979), this Court rejected the school district's contention that a discharged teacher's appeal filed 54 days after her termination was untimely, on the basis that the school district had not provided notice by registered mail. The Court concluded that she acted within a reasonable time. In *LaPorta v. Secretary of Education,* 41 Pa.Cmwlth. 317, 398 A.2d 1116 (1979), a teacher appealed his dismissal to the court of common pleas. The trial court dismissed the appeal on the grounds that it should have been filed with the Secretary; this Court affirmed, and the Supreme Court denied allocatur. Some sixteen months after that the teacher filed his appeal with the Secretary. The Secretary dismissed it as untimely, and this Court affirmed. Applying those precedents to Weber's situation, the Secretary concluded that Weber's actions constituted undue delay, rendering her appeal untimely. She waited either 20 months after she was informed in June 1992 that she would not be working in the fall, or 17 months after the new school year began without the School District's providing her a position.

■ On appeal to this Court, Weber first argues that no event occurred that triggered the time for her to file an appeal.[1] She notes that Section 1127 of the School Code, 24 P.S. § 11–1127, provides that before the school board discharges any professional employee who has obtained a status of permanent tenure, the school board shall furnish a detailed written statement of the charges upon which the discharge is based, and it shall conduct a hearing preceded by written notice by registered mail. Under Section 1130 of the School Code, 24 P.S. § 11–1130, the board shall send a written notice of any decision discharging a professional employee by registered mail to his or her last known address within 10 days after such hearing is conducted. Section 1131 of the School Code, 24 P.S. § 11–1131, provides that in case the professional employee concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal may be taken to the Secretary of Education. Such appeal is to be filed within 30 days after receipt by registered mail of the written notice of the decision of the board.

---

1. Section 1132 of the School Code, 24 P.S. § 11–1132, provides that the ruling or decision of the Secretary of Education shall be final, unless an appeal is taken in accordance with the provisions of the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. On such review this Court determines whether the necessary findings of fact are supported by substantial evidence in the record and whether there was an error of law or a violation of constitutional rights. 2 Pa.C.S. § 704; *Belasco v. Board of Public Educ. of the Sch. Dist. of Pittsburgh,* 510 Pa. 504, 510 A.2d 337 (1986).

■ This point, however, is not in dispute. The Secretary concluded that the board's failure to send a registered letter meant that nothing triggered the running of a 30–day period, and the School District agrees that the period cannot be held to have commenced and run in a case such as this, where no written decision was ever given. The issue here is, as the Secretary correctly perceived, whether Weber was nonetheless under a duty to file an appeal within a reasonable time and whether she met such a duty.

■ Weber next contends that the Secretary erred in *sua sponte* raising the issue of timeliness, when, in her view, that had been waived by the School District. She notes that the School District did not raise such a question in its answer to her amended petition, nor did the Secretary's designated hearing examiner. Although she acknowledges that the Pennsylvania Rules of Civil Procedure do not apply to proceedings before the Secretary, Weber argues by analogy to Pa. R.C.P. No. 1032, which provides that a party waives all defenses that are not raised by preliminary objection, answer or reply, except certain enumerated defenses not involved here. The statute of limitations is an affirmative defense that must be pleaded specifically or it is waived. *Tanner v. Allstate Ins. Co.*, 321 Pa.Superior Ct. 132, 467 A.2d 1164 (1983). Further, Weber characterizes the Secretary's discussion of prejudice to the School District as raising the equitable defense of laches, which she argues was also waived by the School District's failure to raise it.

■ This Court rejects the contention that the 30–day period for filing an appeal pre-scribed in Section 1131 of the School Code, or its equivalent of a reasonable period where a school district has not complied with proper procedures, constitutes a statute of limitations, which must be raised as an affirmative defense or it is waived. The plain language of Section 1131 refers to "an appeal by petition, setting forth the grounds for such appeal," to be taken to the Secretary "within thirty (30) days after receipt by registered mail of the written notice of the decision of the board." The School District correctly notes that the timeliness of an appeal is a jurisdictional question that cannot be waived and may be raised at any stage of the proceedings by any party, or by the court *sua sponte. Monroe County Bd. of Assessment Appeals v. Miller*, 131 Pa.Cmwlth. 538, 570 A.2d 1386 (1990).[2] Accordingly, the timeliness of Weber's appeal is not susceptible to waiver, and the Secretary did not err simply by raising the issue.

Weber also contends, however, that the Secretary deprived her of the opportunity to present evidence on the question of timeliness because he did not inquire into the facts relating to the delay. The Court is persuaded on this point. There is agreement in this case that no event occurred to trigger the running of the 30–day period. In such circumstances there is inherent confusion and ambiguity regarding how the aggrieved party is to proceed.

■ This Court believes that under the circumstances it is incumbent on the Secretary, before dismissing the appeal as untimely filed, to make a searching inquiry into the facts and circumstances surrounding the delay.[3] Therefore, the Court shall vacate the

2. In *West Shore Sch. Dist. v. Bowman*, upon which Weber relies for the proposition that the 30–day period may be extended where particular circumstances warrant, the question was whether the Secretary had jurisdiction to hear the appeal because of the late filing, and the holding was that he did because the appeal was deemed timely filed.

3. That the Secretary has authority to make such an inquiry is beyond dispute. The Pennsylvania Supreme Court stated, in *Belasco v. Board of Public Educ. of the Sch. Dist. of Pittsburgh*, 510 Pa. 504, 513–515, 510 A.2d 337, 342–343:

The [School Code] specifically requires the Secretary to review the official record of the proceedings before the Board and to make a decision which he deems just and proper. The Secretary is granted the further discretionary power to take additional testimony if he deems it necessary to reach a proper decision....

... We hold that in an appeal by an aggrieved professional employee under Section 1131 of the School Code, the Secretary is vested with the authority to conduct *de novo* review whether he takes additional testimony or merely reviews the official record of the proceedings before the board. To the extent that *Strinich [v. Clairton Sch. Dist.*, 494 Pa. 297, 431 A.2d 267 (1981),] provides otherwise, *Strinich* is overruled. Minimum requirements of due process demand that a litigant have, at

order of the Secretary and remand this case for a hearing for the limited initial purpose of determining whether Weber acted diligently in filing her appeal, including consideration of whether the School District contributed in any manner to the delay and whether the circumstances are such that the appeal should be deemed timely filed *nunc pro tunc.*

If the Secretary again determines that Weber's appeal was untimely, then the result will be the same. If, however, the Secretary determines that the circumstances justify deeming the appeal timely filed, the Secretary shall then proceed to decide the merits of the case, namely, whether Weber was in fact entitled to professional employee status, whether the School District's actions constituted a termination in violation of the substantive and procedural provisions of the School Code and, if so, what remedy is appropriate.

In view of the Court's determination on the timeliness issue and remand for further proceedings before the Secretary, there is no need to consider the other issues Weber raises on appeal or arguments advanced by the School District asserting that Weber's actions were contrary to a contractual arrangement or that the School District's actions were proper under other provisions of the School Code. The Secretary is the proper official to determine such claims in the first instance. The order of the Secretary is vacated, and this case is remanded for the reasons stated in this opinion.

### ORDER

AND NOW, this 18th day of December, 1995, the order of the Secretary of Education is vacated, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

some stage of a proceeding, a neutral fact-finder. Needless to say that the Secretary, as a neutral finder of facts, may not act arbitrarily or capriciously.