# Dotterer v. School District of the City of Allegheny

C.P. of Lehigh County, No. 2012-C-3804.

*Thomas L. Kelly,* for plaintiff
*Brian J. Taylor,* for defendants

JOHNSON, *J.,* April 17, 2013—Before this court for consideration is the joint defendants' preliminary objections and motion to dismiss. The defendants seek demurrer for lack of jurisdiction under Pa.R.C.P. 1028(a)(1) and, in the alternative, demurrer for legal insufficiency under Pa.R.C.P. 1028(a)(4). In order for the defendants to prevail on either of these arguments they must show that, viewing the evidence in a light most favorable to the plaintiff, the plaintiff cannot sustain a cause of action.

The first issue to be addressed is whether this court may exercise jurisdiction over this case. The defendants raise the issue of subject matter jurisdiction. After extensive briefing and argument by both parties, the issue presented is whether a claim for previous salary and benefits in retirement brought by a former assistant principal against his former school district and school board can be heard in the court of common pleas. The defense argues that,

under the Public School Code of 1949, 24 P.S. 1-101 et. seq. ("code"), there is an administrative process in place to deal with issues relating to school employees, including demotion. The defense claims that it is improper to allow plaintiff to circumvent this statutory procedure. Briefly, the process laid out by the statute entitles a professional employee, which includes assistant principals and therefore the plaintiff in this case, the right to a hearing before the school board. Decisions of the school board, including the failure to conduct a hearing, may be appealed to the Pennsylvania Secretary of Education ("Secretary"). The Secretary's decision may be appealed to the Commonwealth Court of Pennsylvania. The plaintiff argues that he should not be subject to this process for two reasons. First, the school board was dilatory in holding a hearing on his demotion and, therefore, the plaintiff was forced to seek an alternative remedy. Second, the plaintiff officially retired before a demotion hearing was held and once the plaintiff was no longer an employee of the school district, he was not subject to a hearing under the code.

First, this court will address the issue the plaintiff raises that the hearing before the school board was dilatory. This issue is not relevant for proving the subject matter jurisdiction of this court. The fact that the school board's demotion hearing is not conducted for a lengthy period of time does not excuse a party from following the statutory process and give a party the right to bring his complaint in any forum he pleases. The proper procedure is for the

plaintiff to demand a demotion hearing with the school board, and then, if the school board denies the plaintiff that hearing, or holds that hearing and demotes the plaintiff, the plaintiff has the right to appeal to the secretary.

By way of further explanation as to why the plaintiff's argument is unconvincing, the plaintiff admits that the school board had scheduled a demotion hearing for August 18, 2011, slightly over a month after plaintiff requested a hearing. This hearing was postponed because plaintiff's counsel and the solicitor for the school district were in discussions for a prospective settlement. There is no explanation as to why the hearing was not rescheduled for almost a year. However, that fact is irrelevant, as the plaintiff was still employed for that entire year and receiving a lower demoted salary. At any point in that year, the plaintiff could have appealed his demotion to the Secretary as prescribed in the code. The plaintiff, upon turning 55, submitted his letter for retirement in August 2012. Shortly thereafter, the school board notified plaintiff that his hearing was scheduled for September 19, 2012. Plaintiff then filed this mandamus action and petitioned for a preliminary/permanent injunction on September 17, 2012. At an emergency hearing on September 17, 2012 this court denied plaintiff's request for a temporary restraining order and scheduled a hearing for preliminary injunction on September 27, 2012. The plaintiff inexplicably withdrew his request for the demotion hearing that plaintiff had been seeking for almost a year. There

is nothing in the evidence or the case law that requires a hearing to be held within a certain amount of time or indicates that, if scheduling of the hearing takes too long, the plaintiff is entitled to circumvent the entire statutory process and file an action with the court of common pleas.

The second issue raised by the plaintiff as a reason this case properly before the court of common pleas, is that the plaintiff retired before his demotion hearing took place, and that the case law submitted by defendants holds that only current employees are subject to the statutory process. The plaintiff's interpretation of the defendants' case law is incorrect. In a Commonwealth Court case, a psychologist was fired from her position with a school district and sought to bring her case in the court of common pleas because the school board denied her a hearing on her termination. *Wolff v. Board of School Directors of Chichester School District*, 59 Pa. Cmwlth. 196, 429 A.2d 129 (1981). In that case, a former employee claimed she was a professional employee under the code and was denied a hearing by the school board and, therefore, filed a complaint in the court of common pleas. *Id.* The facts of *Wolff* are very similar to those of the case at bar, especially the fact that Wolff was, as plaintiff is here, a professional employee. In *Wolff*, the Commonwealth Court held that the school board's refusal to grant a hearing should have been appealed to the Secretary. *Id.* at 199-200. Wolff clearly sets forth the procedure that the plaintiff in the case at bar should have

followed. As a matter of public policy, it would undermine the integrity of the code to allow issues which arise under the code to be brought in a manner not permitted by the code every time an employee retires. If this court were allow this case to continue in the court of common pleas, it would establish a precedent that any every school district employee in Pennsylvania who is demoted after the age of fifty-five (55) may immediately retire and, thus, to circumvent the code to which they subjected themselves when they accepted employment and by which they have been governed and protected for their entire career.

We find that this court is precluded from exercising jurisdiction over the issue of the previous salary owed to and retirement benefits of a professional employee as defined by the code.

Therefore, the preliminary objection of the joint defendants' is sustained.

## ORDER

And now, this 17th day of April, 2013, upon consideration of the joint defendants' preliminary objections and motion to dismiss filed on October 8, 2012, the plaintiff's response thereto, oral arguments and for the reasons set forth in the accompanying memorandum opinion;

It is hereby ordered that the preliminary objections are sustained and plaintiff's complaint is dismissed.