# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Tolbert,                  :
           Appellant      :
                         :   No. 1657 C.D. 2024
          v.           :
                         :   Submitted: March 3, 2026
Joseph Rogers            :


BEFORE:   HONORABLE LORI A. DUMAS, Judge
                  HONORABLE MATTHEW S. WOLF, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED: April 6, 2026**

Keith Tolbert (Appellant), proceeding *pro se*, purports to appeal from an order issued by the Court of Common Pleas of Montgomery County (trial court) on March 6, 2024, which granted a motion to dismiss filed by Joseph Rogers (Appellee). Upon close examination of the circumstances leading to this appeal, we quash.

## I. BACKGROUND[1]

Appellant was an inmate incarcerated at the State Correctional Institute at Phoenix (SCI-Phoenix). Appellee, who was employed by the Pennsylvania

---

[1] Unless stated otherwise, we derive this background from Appellant's complaint and construe the pleadings in his favor. *See* Compl., 6/14/20. We extract procedural details from the trial court's opinion and docket entries. *See* Trial Ct. Op., 9/12/24; Montgomery Cnty. Case No. 2020-12183, Docket.

Department of Corrections (Department), worked at SCI-Phoenix as an activities manager.

On November 23, 2019, while playing basketball in the west gymnasium, Appellant slipped and fell because the floor was "extremely dirty, slippery and having no grip . . . ." Compl., 6/14/20, ¶7. Further, in falling to the floor, Appellant was elbowed on the right side of his face and skull. Appellant suffered multiple fractures and was left severely disfigured.

Appellant filed a grievance but was unsuccessful in securing administrative relief. Thereafter, he commenced this action by filing a complaint in three counts, asserting negligence, assumpsit, and the negligent infliction of emotional distress. Appellant sought $1,500,000 in compensatory and punitive damages.

Appellant was unable to properly serve his complaint.[2] Following several extensions, on May 17, 2021, the trial court sustained preliminary objections asserting improper service but nonetheless granted Appellant leave to perfect service of his reinstated complaint within 30 days. *See* Trial Ct. Order, 5/17/21. Appellant did not serve his complaint until February 14, 2023, nearly two years later.

On March 10, 2023, Appellee filed a motion to dismiss, asserting Appellant's failure to comply with the court's prior order and that the relevant statute of limitations had expired on November 23, 2021. *See* Mot. to Dismiss, 3/10/23 (citing 42 Pa.C.S. § 5523). Ultimately, the trial court granted the motion, noting Appellant's failure to comply with the court's earlier order but not addressing Appellees' statute of limitations claim. *See* Trial Ct. Order, 3/6/24.

---

[2] Appellant promptly served Appellee. *See* Montgomery Cnty. Sheriff's Order for Service, 8/14/20. However, per statute and court rule, Appellant was also required to serve the complaint on the Office of Attorney General. *See* 42 Pa.C.S. § 8523(b); Pa.R.Civ.P. 422(a).

On August 29, 2024, Appellant filed a notice of appeal.[3] Thereafter, the trial court issued an opinion reasoning that Appellant's appeal was untimely. *See* Trial Ct. Op., 9/12/24. The court explained that it had forwarded via certified mail its order granting Appellee's motion to dismiss and that delivery was confirmed on April 8, 2024. *Id.* at 2. According to the trial court, even relying on the date Appellant received its order, Appellant had untimely filed his notice of appeal more than four months later. *Id.* at 2 (citing Pa.R.A.P 903(a)).

Upon review, this Court directed the parties to address the timeliness of the appeal in their principal briefs. *See* Cmwlth. Ct. Order, 2/5/25.

## II. ISSUES

Appellant raises two issues. First, Appellant asserts that this Court should consider his appeal timely. *See* Appellant's Br. at 5 (unpaginated). In support, he describes a series of unfortunate events beyond his control which prevented a timely filing.[4] *See id.* at 10-13. Appellant construes these events as a

---

[3] The appeal was initially docketed at Superior Court. However, Superior Court granted an application filed by Appellee to transfer the appeal to this Court. *See* Order, Sup. Ct. No. 2319 EDA 2024, 12/9/24; *see also* Appl. to Transfer, 10/10/24 (citing, *inter alia*, 42 Pa.C.S. § 762(a)(1)).

[4] On March 18, 2024, Appellant was placed in administrative segregation, and his legal materials were destroyed. *See* Appellant's Resp. to Trial Ct. Op., dated 9/24/24, Ex. B (Dep't Form DC-141 Part 1, 3/18/24 (explaining that Appellant was confined because he posed a danger to one or more persons)); Appellant's Br., Ex. C (Dep't Form DC-154A, 3/18/24 (indicating that Appellant's confiscated property was destroyed)). While still in administrative segregation, Appellant received the trial court's order on April 8, 2024. *Id.* at 11, Ex. B (documenting delivery on 4/8/24). On April 16, 2024, Appellant was released from administrative segregation. *Id.* at 11. However, on April 14, 2024, Appellant allegedly suffered a "vertigo-induced fall," which precipitated his transfer to SCI-Forest, a facility that could accommodate his qualified disabilities. *Id.* at 12; *but see id.*, Ex. D (Dep't DC-472, 5/13/24 (documenting that Appellant requested follow-up care for "low back pain from an unwitnessed fall he said happened on 1/14/24. [Appellant] denied any acute injuries.")). On May 16, 2024, Appellant filed his notice of appeal in Superior Court (instead of the trial court). *Id.*, Ex. E (Notice of Appeal, dated 5/9/24, filed 5/16/24). **(Footnote continued on next page…)**

3

breakdown in court processes or non-negligent conduct by him. *See id.* Thus, in his view, Appellant is entitled to *nunc pro tunc* relief. *See generally id.* Appellant further contends that Appellee has waived any objection to the timeliness of his appeal. *See id.* at 13.

Second, on the merits, Appellant asserts that he has pleaded viable claims in negligence and the negligent infliction of emotional distress. *Id.* at 5 (expressly withdrawing his claim in assumpsit). In his view, he may amend his pleadings to "join defendant(s) and more closely align facts with the evidence . . . ." *Id.* (citing Pa.R.Civ.P. 1033 (Amendment)). Finally, according to Appellant, the evidence of record demonstrates that he perfected service upon the Office of Attorney General within the applicable limitations period. *Id.* (citing Pa.R.Civ.P. 401(b)).[5]

---

Appellant claims he did not receive a response from Superior Court, notifying Appellant that he had filed his appeal in an improper forum, until mid-August. *Id.* at 12; *but see also id.*, Ex. E (Resp. from Sup. Ct., dated 5/17/24 (notifying Appellant of his error)); Appellant's Resp. to Trial Ct. Op., Ex. E (Sup. Ct. Letter, dated 6/25/24 (responding to Appellant's June 17, 2024 inquiry and informing Appellant that he did not have an active appeal and suggesting that he contact the trial court)).

[5] Rule 401 sets forth procedures governing service of original process. In relevant part, the Rule provides:

> **(b)**(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon *praecipe* and upon presentation of the original process, or a copy thereof, shall continue its validity by designating the writ as reissued or the complaint as reinstated.

Pa.R.Civ.P. 401(b)(1).

The timeliness of Appellant's appeal is a threshold matter that goes to this Court's jurisdiction. *See Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Because the timeliness of an appeal implicates our jurisdiction, it is an issue that cannot be waived and may be raised at any stage of the proceedings, or by this Court *sua sponte*. *Weber v. Wyoming Valley W. Sch. Dist.*, 668 A.2d 1218, 1221 (Pa. Cmwlth. 1995). Thus, Appellant's waiver argument is without merit. *Id.*

Rule 903(a) of the Pennsylvania Rules of Appellate Procedure provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). It is well settled that the time for filing an appeal "cannot be extended as a matter of grace or mere indulgence." *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). Rather, this Court must quash an untimely appeal unless the appellant can establish extraordinary circumstances. *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005); *Mazyck v. Harris* (Pa. Cmwlth., No. 880 C.D. 2022, filed Sept. 9, 2025), 2025 WL 2601783;[7] *see* Pa.R.A.P. 105(b); *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001).

An appellant may be permitted to proceed *nunc pro tunc* if there has been fraud, a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass*, 401 A.2d at 1135-36. In particular, *nunc pro tunc* relief for non-

---

[6] This Court's review of a trial court decision is limited to whether the trial court abused its discretion, committed an error of law, or whether constitutional rights were violated. *Long v. Thomas*, 619 A.2d 394, 396 (Pa. Cmwlth. 1992).

[7] We may cite unpublished decisions of this Court for their persuasive value. 210 Pa. Code § 69.414(a).

negligent circumstances "is meant to apply only in unique and compelling cases in which the appellant has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss*, 781 A.2d at 1160 (denying *nunc pro tunc* relief because appellant's counsel failed to account for potential delays in mail delivery during the holiday season); *but see, e.g., Bass*, 1134-36 (granting *nunc pro tunc* relief where appeal was filed four days late due to the secretary's sudden illness).

In this case, the trial court issued its order granting Appellee's motion to dismiss on March 6, 2024. *See* Trial Ct. Order, 3/6/24. Appellant did not appeal until August 29, 2024. *See* Notice of Appeal, 8/29/2024. Thus, it is patently untimely. Pa.R.A.P. 903(a).

Nevertheless, we have reviewed the record for evidence of a breakdown in the administrative process or non-negligent circumstances that would warrant *nunc pro tunc* relief.[8] The docket reflects that Rule 236[9] notice issued on March 6, 2024. Montgomery Cnty. Case No. 2020-12183, Docket Entry No. 56. Clearly, however, the trial court's initial attempts to mail the order to Appellant were unsuccessful. *See id.*, Docket Entry Nos. 57 & 58 (indicating that delivery failed and order was returned to the trial court). To remedy this, the trial court delivered the order via certified mail. Trial Ct. Op. at 2. Appellant acknowledges that he received the order on April 8, 2024. Appellant's Br. at 11; Ex. B (return receipt, documenting delivery on 4/8/24). Based on this breakdown in the administrative

---

[8] Appellant has not alleged fraud. *See generally* Appellant's Br.

[9] Pennsylvania Rule of Civil Procedure 236 requires that a prothonotary immediately give written notice of the entry of an order. Pa.R.Civ.P. 236(a)(2). Additionally, "[t]he prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents. Pa.R.Civ.P. 236(b). Absent notice, the 30-day appeal period does not commence. *Frazier v. City of Phila.*, 735 A.2d 113, 115 (Pa. 1999); *Brown v. Hollis* (Pa. Cmwlth., No. 511 C.D. 2021, filed March 3, 2023), 2023 WL 2342537.

process, we conclude that the appeal period commenced on this date. *See Frazier*, 735 A.2d at 115.

Due to his confinement in administrative segregation, as well as health concerns requiring medical attention, Appellant maintains that he was unable to appeal until May 16, 2024. *See* Appellant's Br. at 11-12. Further, because he lacked access to legal assistance, Appellant erroneously filed his notice of appeal in Superior Court, instead of the trial court. *Id.* According to Appellant, Superior Court erred in processing his appeal because it merely returned his notice of appeal to him, instead of transferring the notice to the trial court for prompt filing. *Id.* at 12 (citing Pa.R.A.P. 751(a)), Ex. E (Resp. from Sup. Ct., dated 5/17/24).

We recognize a further breakdown in the administrative process. Rule 902(a) of the Pennsylvania Rules of Appellate Procedure provides that appeals from a trial court to an appellate court "shall be taken by filing a notice of appeal with the clerk of the trial court . . . ." Pa.R.A.P. 902(a). However, if an appellant mistakenly files his notice of appeal directly in the appellate court, Rule 905(a) mandates a specific corrective procedure: "the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from . . . ." Pa.R.A.P. 905(a); *see, e.g.*, *Howard v. Com., Dep't of Transp.*, 73 A.3d 648, 650 (Pa. Cmwlth. 2013); *Frankenberry v. Ferguson* (Pa. Cmwlth., No. 105 C.D.

7

2017, filed July 12, 2017), 2017 WL 2960380.[10] For these reasons, we deem the effective date of Appellant's appeal to be May 16, 2024.[11]

Thus, properly framed, Appellant's appeal period commenced on April 8, 2024, and he untimely filed his notice of appeal 38 days later on May 16, 2024. In reviewing Appellant's description of events that occurred during this period, we discern no non-negligent circumstances that would excuse Appellant's delay. On April 16, 2024, Appellant was released from administrative segregation, long before his notice of appeal was due. *See* Appellant's Br. at 11. Therefore, the time spent in administrative segregation did not impact Appellant's ability to file a notice of

---

[10] As noted by Appellant, Rule 751 also supports transfer:

> **(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.
>
> **(b) Transfers by prothonotaries.** An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

Pa.R.A.P. 751; 42 Pa.C.S. § 5103.

[11] Appellant is a *pro se* prisoner; therefore, the prisoner mailbox rule applies. *See Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014); *Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278 (Pa. 1996). Under this rule, a prisoner's *pro se* appeal or other legal document is deemed filed when given to prison officials or deposited in the prison mailbox, regardless of the date the filing reaches the court. *See Kittrell*, 88 A.3d at 1097; *Jones*, 700 A.2d at 426; *Smith*, 683 A.2d at 281-82. In order to benefit from the rule, the inmate bears the burden of proving that he timely deposited his filing in the prison mailbox or with prison officials. *Kittrell*, 88 A.3d at 1097 (suggesting, *e.g.*, that a prison-issued cash slip reflecting a postal charge may be sufficient).

We recognize that the notice of appeal Appellant filed in Superior Court is dated May 9, 2024. Appellant has not invoked the prisoner mailbox rule, nor has he offered reasonably verifiable evidence that would constitute proof of mailing. Accordingly, we decline to recognize May 9, 2024, as the date of filing. *See, e.g.*, *Mazyk*. Nevertheless, even if we accepted this date, it would not render Appellant's appeal timely.

appeal. Additionally, although Appellant asserts that he suffered a medical injury on April 14, 2024, he has provided this Court with evidence that clearly *contradicts* his assertion. *See id.*, Ex. D (Dep't DC-472, 5/13/24 (documenting that Appellant requested follow-up care on May 13, 2024, for "low back pain from an unwitnessed fall he said happened on 1/14/24. [Appellant] denied any acute injuries.")). Based on this evidence, Appellant has not established diligent efforts to file an appeal, and we conclude that he is not entitled to *nunc pro tunc* relief. *See Criss*, 781 A.2d at 1160.

## IV. CONCLUSION

The trial court issued its order on March 6, 2024, and Appellant did not appeal until August 29, 2024. Appellant has documented breakdowns in the administrative process, and we have adjusted the operative dates of his appeal period. Effectively, for jurisdictional purposes, Appellant's appeal period commenced on April 8, 2024, and he filed his appeal on May 16, 2024. Appellant has failed to establish any further non-negligent circumstances that would support his request for *nunc pro tunc* relief. *Criss*, 781 A.2d at 1159. Appellant untimely appealed the trial court's decision granting Appellee's motion to dismiss Appellant's complaint. Pa.R.A.P. 903(a). Accordingly, we quash.[12] *Frempong*, 865 A.2d at 317.

**LORI A. DUMAS, Judge**

---

[12] As we lack jurisdiction over this appeal, we may not consider Appellant's substantive claims.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Tolbert,               :
        Appellant        :
                           :    No. 1657 C.D. 2024
           v.              :
                           :
Joseph Rogers          :

# **O R D E R**

AND NOW, this 6th day of April, 2026, the appeal of Keith Tolbert from the order issued by the Court of Common Pleas of Montgomery County on March 6, 2024, is QUASHED.

 

**LORI A. DUMAS, Judge**