# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKeesport Housing Authority,   :
          Appellant   :
                         :
          v.             :   No.  751 C.D. 2024
                         :
Karen Franklin            :
                         :   Submitted:  March 3, 2026

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED: April 9, 2026

The McKeesport Housing Authority (Authority) appeals to this Court from a May 6, 2024 order of the Court of Common Pleas of Allegheny County (trial court) that, in relevant part, granted a stay of eviction and a Motion to Gain Re-Entry (Re-Entry Motion) filed by Karen Franklin, an Authority tenant. The Authority contends that the trial court lacked jurisdiction to grant either the stay or the Re-Entry Motion, and further contends that the trial court deprived the Authority of its right to due process by granting the relief without testimony or an evidentiary hearing. Because the trial court had no jurisdiction over Ms. Franklin's untimely appeal, we reverse in part and affirm in part.

## I. Background

The underlying facts in this matter are not in dispute. On March 20, 2024, citing a $649.00 arrearage in rent payments, the Authority initiated an eviction action

seeking possession of an apartment dwelling occupied by Ms. Franklin. Reproduced Record (R.R.) at 14a-15a. In a March 27, 2024 order, a magisterial district judge (MDJ) entered judgment in the Authority's favor, granted possession of the dwelling to the Authority, and awarded payment of the amount in arrears. *Id.* at 17a. Pursuant to Section 513(b) of the Landlord and Tenant Act,[1] the March 27, 2024 order informed Ms. Franklin of her right to appeal within 10 days by filing a notice with the prothonotary of the trial court. *Id.* To the $649.00 arrearage, the MDJ subsequently added $300.57 in court costs, resulting in a total of $949.57 in damages owed by Ms. Franklin. *Id.* at 15a. The Authority posted a copy of the MDJ's orders at the dwelling on April 11, 2024, along with a notice to vacate the dwelling by April 22, 2024. *Id.* On May 2, 2024, Ms. Franklin responded by filing a Motion to File Late Appeal (Late Appeal Motion). *Id.* at 11a. Therein, Ms. Franklin explained her basis for seeking to file a late appeal as follows: "I was in the [h]ospital and just got [p]aperwork." *Id.* at 13a. Ms. Franklin filed the Re-Entry Motion on the same date. *Id.* at 22a.

In a timely filed answer, the Authority observed that the Late Appeal Motion failed to aver that Ms. Franklin did not have notice of the termination before the eviction; that she had no notice of the pending eviction before the MDJ; that she had no notice of the upcoming hearing; that it failed to include the dates during which she was supposedly hospitalized; or the date on which she became aware of the eviction. R.R. at 30a. While acknowledging that appeals *nunc pro tunc* are granted in rare circumstances not involving negligence, the Authority asserted that such

---

[1] Act of April 6, 1951, P.L. 69, added by the Act of July 6, 1995, P.L. 253, 68 P.S. § 250.513(b). In relevant part, Section 513(b) provides that, "[w]ithin [10] days after the rendition of judgment by a lower court arising out of a residential lease . . . either party may appeal to the court of common pleas[.]" *Id.*

relief is only available when the appeal (1) was filed late due to non-negligent circumstances that prevented the appellant from making a timely filing; (2) was filed shortly after the deadline; and (3) does not prejudice the non-appealing party. *Id.* (citing *Fischer v. UPMC Northwest*, 34 A.3d 115, 120 (Pa. Super. 2011)). Ms. Franklin, the Authority argued, failed to specify non-negligent circumstances and did not file her appeal "shortly after the expiration date [of the appeal period]." *Id.* at 31a. The Authority further contended that, if the trial court is inclined to find facts probative of Ms. Franklin's assertions, it "must schedule an evidentiary hearing[.]" *Id.*

In a response to the Re-Entry Motion, the Authority reiterated its argument that Ms. Franklin's unsupported claim of having been hospitalized was insufficient to cure the lateness of her appeal. R.R. at 39a. In the event that the trial court chose to grant the Re-Entry Motion, the Authority argued in the alternative for the adoption of a proposed order whereby Ms. Franklin's re-entry to the dwelling would be conditioned on prompt payment of $1,106.57, as well as timely payment of her $286.00 rent for the month of June. *Id.* at 40a; *see also id.* at 36a.

On May 6, 2024, the trial court conducted a telephone conference call on Ms. Franklin's motions, during which no person was sworn to give evidence, no evidence was presented, and no sworn testimony was taken. Authority's Br., Appendix, Trial Ct. Op. at 3. According to the trial court, Ms. Franklin, speaking without legal representation, reiterated her claim that she was hospitalized during the eviction proceedings and did not learn of them until her return home. *Id.* Meanwhile, while maintaining its opposition to both of Ms. Franklin's motions, the Authority argued in support of its proposed order if the trial court was inclined to grant the Re-Entry Motion. *Id.* Such a resolution, the Authority argued, would enable Ms. Franklin to

3

re-enter while also permitting the Authority "to proceed with evicting Ms. Franklin if she failed to make timely payments of the arrearage or [her] monthly rental. *Id.* at 3-4.

At the conclusion of the telephone call, the trial court entered an order denying the Late Appeal Motion. R.R. at 42a. In its subsequently issued opinion, the trial court explained that, prior to the filing of the motions, Ms. Franklin "had not . . . sought to forestall the eviction process or negotiate with the Authority as to her situation." Trial Ct. Op. at 3. When Ms. Franklin finally sought to do so, the trial court notes that she "did not establish an enumerated situation that justified granting a late appeal *nunc pro tunc* of the judgment, like an administrative breakdown in the court system, fraud, or non-negligent circumstances created by the landlord or a third party." *Id.* at 7.

Nonetheless, the trial court granted the Re-Entry Motion and ordered the Authority to permit Ms. Franklin to re-enter the dwelling by May 7, 2024. R.R. at 42a. The trial court explained in its later opinion that it was "entitled to act consistent[ly] with the laws and policies of our Commonwealth, originating from the conscience of its citizens, to prevent poverty from mutating into homelessness." Trial Ct. Op. at 5-6. While acknowledging that "the rules of civil procedure, including temporal limits for appeals, are important boundaries for our legal system," the trial court reasoned that "the discretion we employ as human beings in deciding how we treat one another is indispensable." *Id.* at 6. Accordingly, the trial court opted for what it determined to be the "legally and ethically correct" solution by conditioning Ms. Franklin's re-entry on prompt payment of "the amount she acknowledged to owe." *Id.* at 8.

4

Regarding Ms. Franklin's factual averments, the trial court explained that it found "credible" the contention that she was hospitalized during the appeal period. Trial Ct. Op. at 7. That Ms. Franklin presented no evidence or testimony regarding her hospital stay or its duration was no barrier to the trial court's factual finding, because "[e]ach year, many hundreds of tenants engage the [h]ousing [c]ourt with explanations" that they are not required to substantiate. *Id.* Thus, the trial court reasoned that an evidentiary hearing would not be "an appropriate use of court resources." *Id.* The trial court also expressed incredulity at the notion that its decision was prejudicial to the Authority by noting the similarity between the Authority's proposed order and the order ultimately issued. *Id.* at 5. "Presumably," the trial court reasoned, "the Authority would not propose an order that it believed to be irreconcilable with its contractual rights, its constitutional rights," the trial court's responsibilities, or the laws of the Commonwealth. *Id.* at 5.

Based on the foregoing, the trial court stayed the eviction provided that Ms. Franklin submit a $631.00 payment to the Authority by May 15, 2024, and a $471.00 payment by June 15, 2024, for a total payment of $1,102.00.[2] R.R. at 42a. This appeal followed.[3]

---

[2] In its later opinion, the trial court expressed its appreciation for Ms. Franklin's "vow to make[ ]whole the Authority" and further noted that her vow "has apparently come to pass," seemingly suggesting that Ms. Franklin was no longer in arrears. Trial Ct. Op. at 6.

[3] This Court's review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Allegheny Cnty. Housing Auth. v. Hibbler*, 748 A.2d 786, 788 n.3 (Pa. Cmwlth. 2000).

## II. Discussion

On appeal,[4] the Authority first argues that the trial court improperly granted the Re-Entry Motion because Ms. Franklin's appeal of the MDJ's eviction order was untimely—a fact that, the Authority notes, even the trial court acknowledges.

It is well settled that the "timeliness of an appeal goes to the jurisdiction of the body appealed to and its competency to act." *Dougherty v. Dep't of Pub. Welfare*, 434 A.2d 914, 917 (Pa. Cmwlth. 1981). Because timeliness requirements are construed strictly, parties must comply with them in order to perfect an appeal, and the deadline to file an appeal "cannot be extended as a matter of grace or mere indulgence." *Best Courier v. Dep't of Lab. and Indus.*, 220 A.3d 696, 700 (Pa. Cmwlth. 2019). An appeal *nunc pro tunc* may be allowed only where a delay in filing the appeal is caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to an appellant, the appellant's counsel, or a third party. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). The burden to establish the right to have an untimely appeal considered is "a heavy one because the statutory time limit established for appeals is mandatory." *Best Courier*, 220 A.3d at 700.

Instantly, Ms. Franklin sought *nunc pro tunc* relief on the ground that she was in the hospital for an unspecified period and that she was consequently unaware of the eviction proceeding initiated by the Authority against her. Our Supreme Court has held that a litigant's hospitalization can justify *nunc pro tunc* consideration of an appeal. *See Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996) (holding that a litigant "met his heavy burden of proving an adequate excuse" for failing to file a timely appeal by presenting evidence that he was "hospitalized

---

[4] Ms. Franklin has not submitted an appellate brief to this Court.

6

following a collapse," was "unable to leave the hospital," and was given a diagnosis upon discharge supporting the "claim that he was seriously ill when admitted"). However, this Court has held that the bald assertion of a hospital stay, without "any documented evidence of record, including dates, to support the allegations of illness and hospitalization," does not entitle a litigant to *nunc pro tunc* relief. *Lajevic v. Dep't of Transp.*, 718 A.2d 371, 373 (Pa. Cmwlth. 1998).

Pursuant to our holding in *Lajevic*, we agree with the Authority that the trial court lacked jurisdiction to consider the merits of Ms. Franklin's appeal. While the trial court properly denied the Late Appeal Motion on the ground that Ms. Franklin had not presented evidence of the extraordinary circumstances recognized by our courts as grounds for *nunc pro tunc* relief, it contradicted its own reasoning by simultaneously granting the Re-Entry Motion. As the Authority aptly notes in its Brief, the trial court's decision was tantamount to a "*de facto* grant[]" of Ms. Franklin's appeal, over which the trial court admittedly had no jurisdiction. Authority's Br. at 10. Allowing a tardy litigant to launder the merits of a time-barred appeal through a separate filing, as the trial court purported to do below, would amount to an impermissible end run around appeal deadlines altogether.

As noted previously, the trial court attempts to justify its action by reference to its ethical duty "to preserve housing accommodations" for public housing residents and to help them avoid the danger of homelessness. Trial Ct. Op. at 6. However laudable may be the trial court's commitment to those goals, we disagree that its commitment justified a disregard of the Landlord and Tenant Act's strict appeal deadline. Without jurisdiction, the trial court had no occasion to do what it felt was proper to combat homelessness in the first place.

7

Furthermore, we reject the trial court's suggestion that the Authority gave its assent to the trial court's order by having proposed a similar order in its pleadings. Our courts have consistently held that the question of an appeal's timeliness, being jurisdictional, cannot be waived by the conduct of either party. *Weber v. Wyoming Valley West Sch. Dist.*, 668 A.2d 1218, 1221 (Pa. Cmwlth. 1995); *see also Thanhauser v. Douglass Twp.*, 190 A.3d 786, 794 (Pa. Cmwlth. 2018) (rejecting the argument that a party could be "precluded from challenging jurisdiction because it stipulated to the filing of a mandamus action to resolve [a] dispute"). We also note that the trial court's reasoning is in derogation of the well-settled principle that parties may "join two or more theories of action" through alternative pleading "when it is not certain which theory applies to the facts." 2 Goodrich-Amram 2d § 1020(c):1; *see also* Pa.R.Civ.P. 1020(c) (permitting alternative pleading of causes of action and defenses generally).

Finally, the Authority argues that the trial court violated its right to due process by failing to schedule an evidentiary hearing. Because we hold that the trial court's lack of jurisdiction over the appeal is dispositive, we need not rule specifically on this issue.[5]

---

[5] We would be remiss, however, if we did not express our concern with what appears to be a cavalier treatment by the trial court of some litigants' due process rights. The Authority alleges that the trial court's standard procedure in Landlord and Tenant Act cases is to forego evidentiary hearings in favor of "off the record" telephonic arguments - an allegation which, at least on this record, appears to ring true. This is concerning. It is an axiomatic principle of due process in civil litigation on the county level in this Commonwealth that, when a motion affecting a litigant's rights is heard by a court, such a hearing shall be conducted on the record in accordance with the procedural guardrails set forth in our Rules of Civil Procedure. In this case, the trial court brazenly admits that it had disregarded our Rules of Civil Procedure in favor of such nebulous concepts as "the discretion we employ as human beings in deciding how we treat one another." Trial Ct. Op. at 6. We are keenly aware that the resources of our lower courts are often strained and that the desire to allocate those resources fairly can lead to difficult decisions. Those concerns do not
**(Footnote continued on next page…)**

### III. Conclusion

For the foregoing reasons, we reverse the trial court's order as to its grant of the Re-Entry Motion and affirm as to its denial of the Late Appeal Motion.

_____
MATTHEW S. WOLF, Judge

---

justify a trial court's abandonment of such basic procedural safeguards as notice and the opportunity to be heard on the record.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKeesport Housing Authority, : 
               Appellant : 
                        :

        v. :   No. 751 C.D. 2024
                        :

Karen Franklin : 

## O R D E R

AND NOW, this 9th day of April 2026, the order of the Court of Common Pleas of Allegheny County (trial court) in the above-captioned matter, dated May 6, 2024, is REVERSED to the extent that it granted a stay of Appellee's eviction pursuant to a payment plan devised by the trial court. The trial court's order is AFFIRMED to the extent that it denied Appellee's motion for a late appeal from the aforesaid eviction.

 

                                               _____
                                               MATTHEW S. WOLF, Judge